**ADERHOLD, Warden, v. O'NEILL.**

No. 6921.

Circuit Court of Appeals, Fifth Circuit.

July 6, 1933.

Clint W. Hager, U. S. Atty., and Hal Lindsay, Asst. U. S. Atty., both of Atlanta, Ga., for appellant.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

Frank O'Neill was convicted in the United States District Court for the Northern District of New York of violations of the National Prohibition Act (27 USCA). His sentence was as follows: "Sentenced to the United States Reformatory at Chillicothe, Ohio for one year and two months; or be changed to $1000 fine, if paid." He was committed to the United States reformatory at Chillicothe on June 27, 1932. By order of the Attorney General he was first removed to the Federal Prison Camp at Petersburg, Va., and later to the United States Penitentiary at Atlanta. He was discharged on habeas corpus on March 11, 1933. This appeal is from that order.

There is no doubt the sentence was void. In re Mills, 135 U. S. 263, 10 S. Ct. 762, 34 L. Ed. 107; Wagner v. United States (C. C. A.) 3 F.(2d) 864. It is contended by the United States that instead of being discharged O'Neill should have been remanded to the Northern District of New York for a new sentence. Of course, that action might have been taken, but it is not mandatory that a court entertaining an application for a writ of habeas corpus should do so. The judge is vested with discretion and may dispose of the prisoner as will best serve the interests of justice. In re Bonner, 151 U. S. 242, 14 S. Ct. 323, 38 L. Ed. 149. As appears from the order, the District Court found that O'Neill had then only 74 more days to serve, after deducting allowance earned for good conduct. There does not appear to be any abuse of discretion in this case. To have remanded the petitioner for a new sentence would have entailed considerable expense to the government and loss of time to the officials to transport him from Atlanta to the Northern District of New York. It would have served no good purpose, considering the few days remaining of the prison sentence, and that the prisoner was probably eligible to parole long before he was discharged. The case presented is trivial.

The order appealed from is affirmed.