258

## COX v. McCONNELL.
### No. 7591.

Circuit Court of Appeals, Fifth Circuit.
Nov. 26, 1935.

Lawrence S. Camp, U. S. Atty., Harvey H. Tisinger, Asst. U. S. Atty., and H. T. Nichols, Sp. Atty., Department of Justice, all of Atlanta, Ga., for appellant.

Before FOSTER, SIBLEY, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal by the marshal from a judgment, entered on October 27, 1934, discharging a prisoner from his custody on a writ of habeas corpus. The record is not as satisfactory as it might be, but the following facts sufficiently appear:

Petitioner pleaded guilty to an indictment returned in the Middle District of Tennessee, which in five counts charged various violations of the National Prohibition Act, 27 U.S.C.A. § 1 et seq. On one count the maximum penalty of imprisonment was two years; on another count it was six months. On the other three counts the penalty could be only fines. On July 7, 1932, he was sentenced to imprisonment in the United States Penitentiary at Atlanta, Ga., for a term of three years. It does not appear that any fine was imposed on any count, nor is the exact date his sentence began to run shown. In July, 1934, he filed a petition for a writ of habeas corpus in the District Court for the Northern District of Georgia, and, after a hearing, judgment was entered, ordering that the sentence be reformed to read two years and six months and he was remanded to the custody of the warden, to be released from that institution when he should have served two years of the sentence imposed upon him. The question of whether upon his release from the penitentiary the Attorney General might take custody of petitioner and require him to serve an additional six months in a jail was considered but not decided. He was released from the penitentiary at the expiration of service of two years and placed in custody of the marshal. He was then confined in the Fulton county jail at Atlanta, Ga., to serve a sentence of six months, pursuant to a general order of the Attorney General intended to cover all such cases. He then sued out a writ of habeas corpus against the marshal, upon which the judgment appealed from was entered.

Relying upon the decisions of In re Mills, 135 U.S. 263, 10 S.Ct. 762, 34 L.Ed. 107, In re Bonner, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149, and Aderhold v. O'Neill (C.C.A.) 66 F.(2d) 85, the District Court held that the sentence of confinement in the federal penitentiary for more than two years was void. The District Court recognized that generally it would be proper to remand the prisoner to the District Court for the Middle District of Tennessee for a correction of the sentence, but held that the trial court was without authority to correct the sentence because of the repeal of the Eighteenth Amendment, citing United States v. Chambers, 291 U.S. 217, 54 S.Ct. 434, 78 L.Ed. 763, 89 A.L.R. 1510.

The cases of In re Mills and In re Bonner, supra, were decided respectively in 1890 and 1894. While they held that a sentence of less than a year to be served in a penitentiary is void, they clearly decided that

the place of confinement depends entirely upon statute. The place of confinement of a federal prisoner is now controlled by the provisions of the Act of May 14, 1930 (title 18, § 753f, U.S.C.A.), which provide that persons convicted in federal courts shall be committed, for such terms of imprisonment and to such types of institutions as the court shall direct, to the custody of the Attorney General, who shall designate the places of confinement where the sentences of all such persons shall be served. By the same paragraph the Attorney General is also authorized to transfer any such prisoner from one institution to another.

Since the adoption of the Act of May 14, 1930, the Attorney General has authority to change the place of confinement from a federal penitentiary to a local jail, when it is proper to do so, in the exercise of his discretion, and it is not necessary that a prisoner be remanded to the trial court merely for the purpose of having the designation of the jail changed. The place of confinement is not part of the sentence. Aderhold v. Edwards (C.C.A.) 71 F.(2d) 297. Changing the designation of the jail would not be imposing a new sentence, and the authority of the Attorney General to do so was not effected by the repeal of the Eighteenth Amendment. Constitution Amendment 21. The judgment entered herein was therefore to that extent erroneous.

However, another question presents itself on the record.

Under the provisions of the Act of June 21, 1902 (title 18 U.S.C.A. § 710), the aggregate of a prisoner's sentence is the basis upon which deductions for good conduct are to be estimated. As the total sentence sustainable in this case is two years and six months, more than one year and less than three years, the prisoner was entitled to six days deduction for each month of the sentence, a total of 180 days. A letter from the warden to the marshal, found in the record, indicates that petitioner had earned extra good time up to the date the letter was written July 18, 1934. Of course, all good conduct deduction could be forfeited before the total sentence expired, Aderhold v. Perry (C.C.A.) 59 F.(2d) 379, but the presumption may be indulged that such is not true in this case. Assuming that serving of the sentence began in July, 1932, petitioner would have been entitled to release before the writ was issued, if he had earned deductions for good conduct. Petitioner is not represented by counsel and the United States attorney has not discussed this question. We think in the interest of justice it should be inquired into by the District Court to ascertain whether the prisoner was entitled to his discharge on that ground when the writ issued. If so, judgment may be entered accordingly.

The judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.