## ADERHOLD, Warden, v. COOPER.

### No. 7643.

Circuit Court of Appeals, Fifth Circuit.

Nov. 26, 1935.

Lawrence S. Camp, U. S. Atty., Harvey H. Tisinger, Asst. U. S. Atty., and H. T. Nichols, Sp. Atty., Department of Justice, all of Atlanta, Ga., for appellant.

Before FOSTER, SIBLEY, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment discharging a prisoner from the Atlanta penitentiary on a writ of habeas corpus. The case presents the same questions of law as were decided in the case of Cox v. McConnell (C.C.A.) 80 F.(2d) 258, decided this day, and to that extent is ruled by that case.

The record is unsatisfactory. It appears that Cooper was given a general sentence of two years on three counts of an indictment, each charging a misdemeanor, the maximum penalty for each of which was six months imprisonment, and two other counts upon which only a fine could be imposed. No fine was actually imposed.

It further appears that the prisoner was delivered to the warden of the Atlanta penitentiary on April 24, 1932, and the judgment discharging the petitioner was entered on September 26, 1934. From this it would seem that the sentence of two years had expired before the prisoner was released. However, the case was tried on the theory that the sentence would support a total term of imprisonment of eighteen months, of which the prisoner still had a few days to serve. It is urged on behalf of the United States that he should not be released but should be remanded to the custody of the Attorney General. The question of whether he was entitled to a deduction for good conduct was not considered. On a sentence of eighteen months' imprisonment he would be entitled to 108 days deduction for good conduct, if he had earned it, and of this he could not be deprived by a mistake of the court or the Attorney General in designating the place of confinement. In any event, if he had been subjected to two years' uninterrupted imprisonment in any penal institution, he would be entitled to his discharge. As these questions were not considered by the court nor discussed by the United States attorney and the petitioner is not represented by counsel, in the interest of justice, these matters should be inquired into by the District Court.

The judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.