## DOUGLAS v. KING, Warden.

### No. 11638.

Circuit Court of Appeals, Eighth Circuit. April 8, 1940.

and sale of narcotics. On that date he was sentenced to serve a term of eight years and six months in the Federal Prison at Leavenworth, Kansas. While there confined, a Board of Examiners acting under authority of Section 876, Title 18 U.S.C.A., on November 6, 1933, found him to be insane or of unsound mind, and on December 3, 1933, by direction of the Attorney General, he was transferred from the Federal Prison at Leavenworth, Kansas, to the Medical Center for Federal Prisoners at Springfield, Missouri, to be there safely kept "until * * * the prisoner shall be restored to sanity or health or until the maximum sentence, without deduction for good time or commutation of sentence, shall have been served."

Upon hearing, at which appellant appeared personally and apparently by counsel, appellee filed answer and return and moved for a dismissal of the petition. The judgment entered, and from which this appeal was taken, recites that, "The court having considered the pleadings and the records of the Medical Center for Federal Prisoners, and being fully advised in the premises, the court finds that the petitioner was regularly and legally sentenced and committed to prison, and that while he was serving his sentence in a Federal penal institution, he was found to be of unsound mind, and was transferred by direction of the Attorney General of the United States, to the Medical Center for Federal Prisoners at Springfield, Missouri, to be kept therein until the petitioner shall be restored to sanity or until the maximum sentence, without deduction for good time or commutation of sentence shall have been served, and the court further finds said petitioner to be insane and of unsound mind at this time, and the petitioner's maximum sentence has not been served."

In appellant's petition for the writ, it was alleged that he was being illegally detained beyond the maximum time to be served according to the Act of June 21, 1902 (Sec. 710, Title 18 U.S.C.A.). It was there urged, and the contention is renewed here, that the Act of May 13, 1930 (Sec. 876, Title 18 U.S.C.A.), which provides for a Board of Examiners for the examination of mentally defective prisoners, is unconstitutional, and that under the provisions of Section 710, supra, which provides that a federal prisoner who is confined in execution of a judgment or sentence for a definite term other than for

Walter Douglas, pro se.

Maurice M. Milligan, U. S. Atty., and Otto Schmid, Asst. U. S. Atty., both of Kansas City, Mo., for appellee.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from a judgment denying petition for writ of habeas corpus. Appellant was convicted in the United States District Court for the District of New Hampshire on December 22, 1931, on an indictment charging him with possession

life, whose record or conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence. If the provisions of that section are applicable, appellant's term has expired, but if the deductions there provided for are not allowable, his term will not expire until June 21, 1940.

Section 876, supra, which was passed prior to appellant's conviction and sentence, authorizes the creation of a Board of Examiners for each federal penal institution, and provides that if such board, upon examination of an inmate, shall find him to be mentally defective, the Attorney General may direct the warden having custody of the prisoner to cause him to be removed to a United States hospital for defective delinquents, there to be kept "until, in the judgment of the superintendent of said hospital, the prisoner shall be restored to sanity or health or until the maximum sentence, without deduction for good time or commutation of sentence, shall have been served." When a prisoner shall have complied with the provisions of Section 710, supra, then a good-time allowance so earned becomes a matter of right, and he is entitled to a reduction of the maximum sentence. United States v. Anderson, 8 Cir., 76 F.2d 375; King v. United States, 69 App.D.C. 10, 98 F.2d 291; Clark v. Suprenant, 9 Cir., 94 F.2d 969. Under such circumstances, the prisoner may enforce this right by habeas corpus proceedings. Cox v. McConnell, 5 Cir., 80 F.2d 258; Aderhold v. Cooper, 5 Cir., 80 F.2d 259. Section 710, supra, however, extends a mere privilege which may or may not thereafter be availed of to reduce the term of sentence. The right is merely contingent and does not become absolute or vested until the prisoner shall have earned the right by compliance with the statutory provisions. Congress having extended the privilege, might withdraw it, except as to those persons in whom the privilege had ripened into a vested right. By Section 876, supra, which, as has been observed, was on the statute books at the time appellant was sentenced, the right had been withdrawn as to prisoners declared mentally incompetent. Congress had jurisdiction to impose the penalty of the full original sentence, and it could couple any curtailment of that term with any conditions it might prescribe. Some of these conditions are prescribed by Section 710, supra, but they are all contingent upon the prisoner's continued sanity. If he become, while so confined and before the expiration of his sentence as originally entered, of unsound mind, then he is subject to the provisions of Section 876, supra. It having been determined that the prisoner was of unsound mind before the expiration of his sentence, his case is taken out of the operation of Section 710, supra, and is governed by Section 876, supra.

Both of these statutes became a part of the prisoner's sentence as entered, and as Section 876 was in effect when appellant was sentenced, it was not as applied to him an ex post facto law. But it is urged that Section 876, supra, is unconstitutional as applied to appellant because it failed to provide for judicial inquiry, trial and judgment in determining his mental condition, and that the determination of his mental unsoundness had the effect of extending his imprisonment to the expiration of his maximum sentence. As we have already observed, the right to have deductions made from his sentence was conditional only, and the conditions under which that right might become absolute not having occurred before the determination of his mental unsoundness, he was not deprived of any constitutional right by reason of the enforcement of the provisions of Section 876, supra. The determination of his mental condition after his conviction and sentence without judicial trial did no violence to his constitutional rights. Whitney v. Zerbst, 10 Cir., 62 F.2d 970; Lee v. United States, 5 Cir., 91 F.2d 326.

The judgment appealed from is affirmed.