### CARROLL v. SQUIER.
### No. 10297.

Circuit Court of Appeals, Ninth Circuit.

June 11, 1943.

William A. Herren, of Seattle, Wash., for appellant.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., and Harry Sager, Asst. U. S. Atty., of Tacoma, Wash., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

According to his petition for writ of habeas corpus, filed in the court below, Jack L. Carroll, on May 7, 1936, was convicted for violation of the Harrison Narcotic Act, 26 U.S.C.A. Int.Rev.Code, § 2550 et seq., in the District Court of the United States for the Northern District of California, and was sentenced to imprisonment for a term of five years. Carroll was incarcerated at Leavenworth Penitentiary until September 11, 1939, when he was conditionally released from imprisonment by the United States Board of Parole. At that time the prisoner had to his credit a deduction from his sentence of 480 days' good conduct deduction, 18 U.S.C.A. § 710, and 123 days' industrial good time deduction, 18 U.S.C.A. § 744h, this latter by reason of having worked in prison industries. The conditional discharge, as indicated by its name, imposed certain duties and restrictions upon the releasee, one of which was that he must go to and remain within the Northern District of California, and another, that he must report each month to the United States Probation Officer for that District. The petitioner alleged that he refused to agree to his release upon the conditions imposed, because he did not deem it advisable to return to San Francisco, knowing that violation of conditions would cause his return to prison and a forfeiture of the good conduct and industrial good time deductions theretofore credited him. He alleges further that under his protest he signed the conditional release papers and against his will left the place of confinement. He notified the probation officer at San Francisco of his arrival and made his report to said officer.

February 3, 1940, Carroll was again convicted of violation of the Harrison Narcotic Act by the District Court of the United States for the Northern District of California and was sentenced to serve a term of three years in the penitentiary. This sentence, after deduction of good conduct allowance, expired May 26, 1942.

April 12, 1940, the United States Board of Parole issued its warrant for the taking into custody of Carroll as a parole violator and fugitive from justice, with instructions that the warrant be not served on him until completion of the three year sentence and release therefrom. The maximum term for which he was imprisoned under the first sentence, exclusive of good time allowances and the time he was at large on conditional release, would have expired May 6, 1941.

The petitioner contended, in his application for the writ, that because he objected to the conditional release offered, or forced upon him, when he was imprisoned under his first sentence, he must be considered as though he had remained within the prison walls and that, therefore, he has completed serving the term for which he was first incarcerated, and having fulfilled the second sentence imposed upon him (with good conduct deduction), he must be discharged. This naturally implies that his first sentence continued to run while he was at large and throughout the period he was under arrest for the second crime and concurrently with the running of the second sentence, following imposition thereof.

Following the filing of the application for the writ an order to show cause issued to the Warden, and counsel was appointed to represent the petitioner. The Warden, as respondent, demurred generally. Thereafter a hearing was had, at which both petitioner and his attorney were present; testimony was heard, and the matter taken under advisement. Briefs were filed, and subsequently, on August 14, 1942, the court made an order denying the petition and

sustaining the demurrer. On August 31, 1942, an order to that effect was signed and filed. The petitioner filed an affidavit of poverty, and the court, certifying petitioner's good faith, signed an order allowing him to prosecute an appeal in forma pauperis. Notice of appeal was filed on the same date as the order, September 21, 1942.

The question, fundamentally, is whether the court below erred in denying the petition for the writ. The petitioner contends here that his sentence on the first conviction ran, uninterrupted by the conditional release and subsequent sentence, until May 6, 1941, when it expired by reason of having been fully satisfied, and that although part of the two sentences overlapped, they ran concurrently until the date stated and that, the second sentence having expired on May 26, 1942, by passage of time and good conduct credit, he was thereupon entitled to be released from prison.

It is provided by 18 U.S.C.A. § 710, that each prisoner under conviction for any offense against the laws of the United States and confined in a United States penitentiary, for a definite term other than life, "whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence", to be computed as set forth in detail in the statute. In addition thereto, the prisoner may be allowed further deduction from the term of his sentence by actual employment in a prison industry, under the terms and conditions set out in Section 710, above. 18 U.S.C.A. § 744h. Upon completion of the minimum term of sentence, Carroll was entitled to a release under said sections by reason of good conduct throughout the term thereof and earned industrial good time, both of which operated to reduce the term of imprisonment to the aforesaid minimum term. 18 U.S.C.A. § 713; Bragg v. Huff, etc., 4 Cir., 118 F.2d 1006.

When the good time allowance, the granting of which, in the first instance, is in the nature of a privilege bestowed by the legislature, is earned, it becomes a matter of right, enforceable by habeas corpus proceedings. Douglas v. King, Warden, 8 Cir., 110 F.2d 911, 913, 127 A.L.R. 1200; King v. United States, 69 App.D.C. 10, 98 F.2d 291, 293; Story v. Rives, etc., 68 App.D.C. 325, 97 F.2d 182, 184; Aderhold, Warden, v. Perry, 5 Cir.,

59 F.2d 379, 380. When the prisoner has complied with the good conduct statute, it is mandatory upon the Warden of the penitentiary to reduce the sentence in the manner prescribed. Clark v. Surprenant, 9 Cir., 94 F.2d 969, 973. It is the positive and absolute duty of the Warden to reduce the sentence of the prisoner when the terms of the "good conduct" statute are fulfilled. United States v. Anderson, 8 Cir., 76 F.2d 375, 376; Howard v. United States, 6 Cir., 75 F. 986, 994, 34 L.R.A. 509. In a word, these statutes became a part of the petitioner's sentence as entered. Douglas v. King, 8 Cir., 110 F.2d 911, 913, 127 A.L.R. 1200. If the prisoner could have compelled his release; if the warden was under absolute duty to release him; and if the good conduct statutes were a part of his sentence as entered, it follows that that part of the prisoner's punishment which was to be endured within the prison walls had expired—had been served—and he was no longer compelled to remain in the penitentiary. His continued liberty, however, was contingent upon his good behavior. 18 U.S.C.A. § 716b. If he committed and was convicted of an offense he lost his good conduct time pursuant to 18 U.S.C.A. § 713 and § 716b.

But, the petitioner argues, there were conditions attached to his release to which he did not willingly agree. If the petitioner contends that he was privileged to remain in the penitentiary, that argument has been answered above; if he contends that he was entitled to be unconditionally released, that suggestion has been ruled upon adversely by Mac Aboy v. Klecka, Marshal, D.C.Md., 22 F.Supp. 960. Besides, the situation is covered by Section 716b of 18 U.S.C.A., which provides that a releasee under Section 710 shall be treated as if released on parole and the releasee shall be subject to all provisions of law relating to parole until the expiration of the maximum term of imprisonment for which he was sentenced. Story v. Rives, supra, 68 App.D.C. 325, at page 184 of 97 F.2d; Bowers v. Dishong, 5 Cir., 103 F.2d 464, 466; United States v. Dillard, 4 Cir., 102 F.2d 94, 96. Section 716 of 18 U.S.C.A. provides that every parole shall fix the limits of the residence of the person paroled.

Under the provisions of 18 U.S. C.A. § 716b Carroll was subject to all of the provisions of law relating to parole until the expiration of the maximum term

of imprisonment for which he was sentenced. The commission of the second crime interrupted service of the sentence and reduced the prisoner to the status of an escaped convict. Anderson, Warden, v. Corall, 263 U.S. 193, 196, 44 S.Ct. 43, 68 L.Ed. 247. "In such circumstances, the time the prisoner was [at large] does not diminish the time the prisoner was originally sentenced to serve. 18 U.S.C.A. § 723c." Rogoway v. Warden, 9 Cir., 122 F.2d 967, 969. See Zerbst v. Kidwell, 304 U.S. 359, 361, 58 S.Ct. 872, 873, 82 L.Ed. 1399, 116 A.L.R. 808, where it is said: "When respondent committed a federal crime while on parole, for which he was arrested, convicted, sentenced, and imprisoned, not only was his parole violated, but service of his original sentence was interrupted and suspended. Thereafter, his imprisonment was attributable to his second sentence only, and his rights and status as to his first sentence were 'analogous to those of an escaped convict.' Not only had he—by his own conduct—forfeited the privileges granted him by parole, but, since he was no longer in either actual or constructive custody under his first sentence, service under the second sentence cannot be credited to the first without doing violence to the plain intent and purpose of the statutes providing for a parole system." See, also, Platek v. Aderhold, Warden, 5 Cir., 73 F.2d 173, 175.

The Parole Board's warrant for retaking of the petitioner was issued within the maximum term of his original sentence. 18 U.S.C.A. §§ 716a, 717. That sentence was interrupted by commission of a crime, and upon completion of the serving of his sentence for this latter crime the warrant was served upon him. This practice is proper and is not irregular, and finds authority in Adams v. Hudspeth, Warden, 10 Cir., 121 F.2d 270, 272. In that case the parole violator's warrant was issued within the term of the first sentence, but before it was executed the parolee entered a plea of guilty to a second offense, was sentenced and delivered to the custody of the warden of a penitentiary to serve out this second sentence. He served out this sentence, and on the day he was entitled to be released thereunder he was taken into custody on the parole violator's warrant. He sought habeas corpus, which was denied him; on appeal the court said: "During the period for which appellant was sentenced for the new and different offense, he was not in legal custody of the Warden upon the parole violator's warrant. Jurisdiction of the Board of Parole over the appellant under the original sentence was effectively interrupted and suspended by his confinement under the latter offense. Service of the two sentences was not concurrent. He occupied the legal status of an escaped convict, or as if he had not been apprehended. [Cases cited.]"

Other arguments of petitioner were carefully considered, but nothing was found in them to merit further discussion.

See, generally, Chandler v. Johnston, Warden, 9 Cir., 133 F.2d 139, decided January 22, 1943.

The order of the court below is affirmed.