## WILLIAMS v. OVERHOLSER.

### No. 8442.

United States Court of Appeals for the District of Columbia.

Argued July 7, 1943.

Decided July 19, 1943.

Mr. Justin L. Edgerton, of Washington, D. C. (appointed by this Court), for appellant.

Mr. Charles B. Murray, Assistant United States Attorney, of Washington, D. C., for appellee. Messrs. Edward M. Curran, United States Attorney, and John P. Burke, Assistant United States Attorney, both of Washington, D. C., also entered appearances for appellee.

Before GRONER, C. J., and EDGERTON, Associate Justice, and LUHRING, Associate Justice of the District Court.

PER CURIAM.

This is an appeal from an order of the District Court in habeas corpus. The record shows that petitioner, as an insane person, was originally committed to St. Elizabeths Hospital in 1921. Prior thereto he had been an inmate of the National Home for Disabled Volunteer Soldiers in Togus, Maine. While such inmate he had shot and killed one of the physicians of the Home. The commitment to St. Elizabeths was pursuant to an act of Congress approved August 7, 1882, U. S.C.A., Title 24, Section 195, which provides that an inmate of the National Home for Disabled Volunteer Soldiers who shall become insane shall, upon order of the President of the Home, be admitted to St. Elizabeths Hospital and treated therein. In 1935, upon petition for habeas corpus, Judge Adkins of the District Court in the District of Columbia ruled that appellant's original commitment was illegal and ordered him released from custody. Thereafter he was apprehended while still in the District and a jury impaneled to inquire into his alleged insanity. As a result, he was again committed to St. Elizabeths.

Numerous petitions for habeas corpus have since been filed by him without effecting his release, and the record shows he is still of unsound mind, suffering from dementia praecox, paranoid type, and in need of continued hospitalization.

On this appeal we appointed experienced counsel to represent him, and the single ground on which we are asked to order his discharge is that because he is a citizen and resident of the State of Maine and not a resident of the District of Columbia, he should, under the Act of January 31, 1899, D.C.Code (1929), Title 16, Section 17, have been removed to the State of Maine for treatment there, and hence his further detention in the District of Columbia is illegal. The statute on which he relies makes it the duty of the Commissioners of the District to "return to their places of residence * * * all indigent insane persons not residing in the District at the time they became insane."

The grounds on which petitioner now relies are not new and were considered and decided by us under a section of a statute in all material respects similar, against his contention, in Howard v. Overholser, 76 U.S.App.D.C. 166, 130 F.2d 429, 432. There we said: " * * * If it is assumed that petitioner has or may establish some right of transfer, it is obviously not an absolute one. The statute does not contemplate that a committed insane person shall be transferred in any case to the state of his residence without regard to its willingness to receive him."

In the instant case petitioner has been held for treatment in the District of Columbia more than twenty-two years. Whether he was a citizen of the State of Maine at the time of his removal to the District of Columbia, we have no means of knowing, but assuming he was, there is nothing to show that that State is willing to receive him and care for him, and without consent on its part there is no power in the Commissioners of the District of Columbia to enforce his acceptance by the State. In the circumstances, petitioner is not entitled either to be discharged into that community or into this without proper provision for his care and restraint. In this view, the District Court was correct in dismissing the petition and discharging the writ and remanding petitioner to the custody of the Superintendent of St. Elizabeths Hospital.

Affirmed.

Judge LUHRING, who sat in this case, took no part in its decision.