### KUCZYNSKI v. COX, Warden.
### No. 12770.

Circuit Court of Appeals, Eighth Circuit.

March 16, 1944.

Frank Kuczynski, pro se.

Maurice M. Milligan, U. S. Atty. (Otto Schmid, Asst. U. S. Atty., both of Kansas City, Mo., on the brief), for appellee.

Before GARDNER, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

GARDNER, Circuit Judge.

Petitioner, Frank Kuczynski, has appealed from an order of the United States District Court for the Western District of Missouri denying his two petitions for writs of habeas corpus. He is incarcerated in the Medical Center for Federal Prisoners at Springfield, Missouri, where he is serving a sentence of fifteen years imposed by the District Court of the United States for the Southern District of Indiana on October 2, 1931, on counterfeiting

charges. Petitioner filed two separate petitions, in each of which he demanded release. The cases were designated in the trial court as cases No. 326 and 357. In case No. 326, petitioner sought release on the ground that he had served the full term of his sentence if he were given the deduction for good conduct to which he was entitled. In case No. 357, petitioner challenged the sufficiency of the indictment under which he had been convicted and also alleged that he did not have the benefit of counsel and was not informed as to the nature of the charge against him at and prior to the time he entered his plea of guilty. The trial court consolidated the two cases and appointed counsel of high standing to represent petitioner.

After hearing, at which the petitioner was present, and was represented by his counsel, the court made and entered findings of fact and conclusions of law and entered its order based thereon, discharging the writ of habeas corpus theretofore issued, and dismissed petitioner's applications for writs and remanded him to the custody of the Warden of the Medical Center for Federal Prisoners. The court found in substance as follows: That petitioner had consulted his lawyer before he entered his plea of guilty; that a letter from petitioner offered in evidence disclosed that he knew the charge against him and evinced a desire to enter a plea of guilty; that in order to accelerate the proceeding he represented to the government that he was suffering from acute appendicitis, which was not true; that the record shows that petitioner's good time was taken away because of his mental condition; that a tribunal of the government made formal findings of mental incompetence and caused him to be transferred to the Medical Center for Federal Prisoners, at Springfield, Missouri; that he competently and intelligently waived counsel at the time he entered his plea of guilty; that having been found mentally incompetent he is not entitled to good time; that he was sentenced upon a valid indictment on October 2, 1931, for a period of fifteen years; that while his counsel was not present at the time he entered his plea of guilty, he had consulted counsel who advised him about his case, and he knew the nature of the charges against him; that he competently and intelligently waived counsel at the time he entered his plea; that a competent commission provided by the government examined petitioner and found

him mentally incompetent and thereupon transferred him to the United States Medical Center at Springfield, Missouri. The court concluded that "petitioner is serving a sentence regularly imposed upon a valid indictment after compliance with due process"; that he was not entitled to his good time statutory allowance because of his mental incapacity.

■ There was apparently oral testimony submitted on behalf of the petitioner and on behalf of the respondent, but this testimony is not in the record. The record contains only the primary record and the documentary evidence. The findings of the court are, of course, presumed to be sustained by the evidence and we must therefore accept these findings as stating the ultimate facts. Rule 52, Rules of Civil Procedure for District Courts, 28 U.S. C.A. following section 723c.

■■ The petitioner is a person of unsound mind. Because of this affliction he was removed from the Federal Prison at Leavenworth, Kansas, to the hospital for federal prisoners so afflicted. He had not served the full term of his sentence, even allowing for good time, when he was adjudged to be a person of unsound mind and removed to the Medical Center for Federal Prisoners. Section 876, Title 18 U.S.C.A., provides for sanity hearings in United States prisons and directs that where prisoners are found to be insane or of unsound mind they may be removed to a hospital such as the Medical. Center for Federal Prisoners, or to any other similar institution authorized to receive insane persons charged with or convicted of offenses against the United States. The statute provides that the patient is " * * * there to be kept until, in the judgment of the superintendent of such hospital, the prisoner shall be restored to sanity or health or until the maximum sentence, without deduction for good time or commutation of sentence, shall have been served." This statute had been enacted and was in force at the time petitioner was sentenced and it became a part of his sentence as entered. Douglas v. King, Warden, 8 Cir., 110 F.2d 911, 127 A.L.R. 1200. It was, however, contended here that petitioner was not insane. The lower court, on application of petitioner, entered an order for a medical examination and appointed a competent neurologist and psychiatrist to examine the petitioner. The doctor so appointed made report that in his opinion petitioner was psychotic and mentally incompetent, being a case of paranoid schizophrenia. Assuming without deciding that the finding of the commission provided by the government that the petitioner was mentally incompetent might be collaterally attacked, the court properly found that petitioner was of unsound mind and hence he was not entitled to release on the ground that he was entitled to deduct from his sentence the statutory good time allowance.

■ The indictment is assailed as being insufficient in that it did not clearly inform petitioner of the nature of the offense charged against him. It contains two counts charging counterfeiting. Each count substantially follows the words of the statute. If defendant desired more definite information his remedy was to apply for a bill of particulars. It appears, however, that he in fact knew and understood the nature of the charges against him. A letter in evidence, addressed to the United States Attorney, dated September 29, 1931, referring to the charges against him, indicated that he desired to enter a plea of guilty to the charge of counterfeiting. Pursuant to this request, the United States Attorney caused petitioner to be brought into court. He had prior thereto interviewed a lawyer while he was awaiting trial on this indictment. He apparently understood the word "counterfeiting," and the court has found that he knew the nature of the charge against him and voluntarily and intelligently entered his plea of guilty. There is nothing in the record before us, tending to impeach the presumption of regularity and fairness in the proceedings culminating in petitioner's sentence, nor is there any evidence in the record that would warrant a finding other than that made by the trial court on this issue. It was incumbent upon petitioner to produce evidence to impeach the fairness or regularity of the proceeding leading up to his sentence. Buchalter v. New York, 319 U.S. 427, 63 S.Ct. 1129, 87 L.Ed. 1492. The judge of the trial court gave petitioner every opportunity to submit proof which might impeach the judgment and sentence under which he is imprisoned, for lack of due process of law. The findings of the court conclusively show that the applications for writ of habeas corpus are wholly without merit. The order appealed from is therefore affirmed.