## KUCZYNSKI v. UNITED STATES.
### No. 8589.

Circuit Court of Appeals, Seventh Circuit.

Nov. 3, 1944.

Frank Kuczynski, of Springfield, Mo., pro se.

B. Howard Caughran and Paul A. Pfister, U. S. Atty., both of Indianapolis, Ind., for appellee.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

EVANS, Circuit Judge.

This appeal involves a judgment which denied what appellant calls his "Extra-ordinary Motion for a Petition for a Writ of Error."

Appellant is at present detained in the Medical Center for Federal Prisoners, at Springfield, Missouri. He had been sentenced, on a plea of guilty, to the charge of possessing and making plates for counterfeiting, to a term of 15 years. The sentence was imposed October, 2, 1931. Two years later, on November 1, 1933, he was examined by a Board of Medical Examiners at the Leavenworth Penitentiary, and found to be insane and was transferred to his present place of confinement. He filed petitions for habeas corpus and mandamus in the Federal District Court in Missouri, in February, 1943. The District Court caused an independent investigation to be made of the applicant's sanity at that time and received a report which affirmed his continued insanity. The denial of the petitions for habeas corpus and mandamus resulted in an appeal by the petitioner to the Circuit Court of Appeals for the Eighth Circuit, which rendered a thorough opinion on the same issues which are here raised, particularly the issue wherein appellant claims that he cannot be denied his right to "good time" deductions from the sentence because of the determination of his insanity.

The statute, 18 U.S.C.A. § 876, passed May 13, 1930, provides that upon a determination of insanity and removal to a mental institution, the prisoner shall there "be kept until, in the judgment of the superintendent of said hospital, the prisoner shall be restored to sanity or health or until the *maximum* sentence, *without deduction for good time* * * * shall have been served."

Appellant complains that he cannot be deprived of his statutory right to "good time," and that with good time credit, he would now be free because his sentence has been fully served.

Appellant raises many other points—not being fully advised of his right to counsel, defective sentence, defective prison warrant, and the fact that the District Court refused to permit his petition in these proceedings to be filed in his criminal case and ordered it filed as a civil suit.

The trial court furnished petitioner with counsel in the instant matter, and made findings and conclusions in support of his denial of the petition. He stated: " * * * the presiding Judge of this court who was the same Judge as the one

who is now presiding in this cause, asked the said Frank Kuczynski whether or not he had an attorney to represent him and upon being informed that he did not have an attorney in court to represent him, the Court thereupon asked the said Frank Kuczynski whether or not he desired the Court to appoint an attorney for him but said Frank Kuczynski said he did not want or need an attorney as he well understood the charges pending against him. * * * Kuczynski * * * at the time of the entry of his plea of guilty to the charges contained in said indictment, understandingly, intelligently and voluntarily waived his right to the advice and assistance of counsel."

We deem it unnecessary, in view of the opinion of the Eighth Circuit in Kuczynski v. Cox, 141 F.2d 321, and of the decisions in Douglas v. King, 110 F.2d 911, 127 A.L.R. 1200, and Estabrook v. King, 119 F.2d 607, to do more than state we are in accord with the conclusions there reached. In other words, we are of the opinion that the Federal statute in existence at the time of the imposition of sentence, which deprives an insane prisoner of the right to deduction from his sentence for good time, is not invalid as an ex post facto law.

The other contentions of appellant were, in our opinion, correctly disposed of by the trial court.

The judgment is affirmed.