## KUCZYNSKI v. UNITED STATES.

### No. 8718.

Circuit Court of Appeals, Seventh Circuit.

May 22, 1945.

Frank Kuczynski, of Springfield, pro se.

B. Howard Caughran and Paul A. Pfister, U. S. Atty., both of Indianapolis, Ind., for appellee.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

SPARKS, Circuit Judge.

Appellant appeals from an order of the District Court dismissing, on motion of the Government, his petition for an order vacating a judgment theretofore entered against him on October 2, 1931, declaring that judgment null and void, and directing either his discharge from further custody, or a sanity hearing to determine the authority of the Warden of the Medical Center for Federal Prisoners at Springfield, Missouri, to hold him in custody.

Appellant was sentenced in 1931, on a plea of guilty to a charge of possessing and making plates for counterfeiting money, to a term of fifteen years in the peniten-

tiary. In November, 1933, he was found by the Board of Medical Examiners of Leavenworth Penitentiary to be insane, and was thereupon transferred to the Medical Center, pursuant to § 876, 18 U.S.C.A.

Appellant has attempted in at least three separate fora since February, 1943, to obtain his release from custody on a variety of asserted grounds.[1] These have attacked the sufficiency of the indictment and the validity of the sentence and prison warrant and asserted that he was not represented by counsel at his trial and not informed as to the nature of the charge against him. He has also challenged the right of the warden to hold him in the Medical Center after service of the full term of his sentence with deduction for good conduct to which he insisted he was entitled. In both proceedings in the district court appellant was represented by counsel appointed by the court, and in the Missouri proceeding, the court caused an independent investigation to be made as to appellant's sanity, the outcome of which was a report of his continued insanity at that time. The judge who heard the petition in the Indiana proceeding was the one who had presided at the original trial and he stated his independent recollection of appellant's understanding of the charges and his voluntary waiver of the right to the advice and assistance of counsel.

In view of the complete hearing afforded and the careful study of the earlier petitions filed in the two courts, indicated by the opinions of the two reviewing courts referred to in the footnote, we should deem it unnecessary to write anything further as to this current attempt were it not for the fact that in the petition now under review, for the first time, over twelve years after trial and sentence, appellant set up as a ground for his asserted right to release from custody the fact that prior to trial and his plea of guilty he had been declared insane at St. Elizabeth's Hospital in Washington, in 1923 and again in 1928, and had not been returned to sanity. He asserted that his plea of guilty was "induced by

---

[1] See Kuczynski v. Cox, 8 Cir., 141 F. 2d 321, petitions for habeas corpus and mandamus in the Federal District Court in Missouri; Kuczynski v. United States, 7 Cir., 145 F.2d 310, "Extraordinary Motion for a Petition for Writ of Error" in the Federal District Court in Indiana in which the original judgment of conviction was entered. We assume that a motion

for leave to file a petition for writ of mandamus, Kuczynski v. Patrick O'Brien, Judge, in the U. S. Supreme Court, denied January 15, 1945, 65 S.Ct. 552, petition for rehearing denied March 26, 1945, 65 S.Ct. 862, also pertained to the same subject matter, although no summary appears to be published of the subject matter of the application.

threat of a named Federal Bureau of Investigation Agent (whom he does not name) to publish false statement, manufacture false evidence and to incite the public, and 'beat me up.' " He also asserted that he was prevented by threats of this agent from pleading his insanity.

Appellee contends that the trial court was justified in sustaining its motion to dismiss the petition without hearing for three reasons: Because it failed to state a cause of action or a claim upon which relief could have been legally granted; because it failed to state that the matters advanced as causes for setting aside and vacating the judgment of October, 1931, involved newly discovered evidence; and because the petition was filed by a person who is now insane and therefore did not require a formal hearing to determine the truth or falsity of the allegations which were made by an irresponsible person. Thus appellee challenges the petition on formal, technical grounds and makes no attempt to meet the one serious allegation of the petition, that petitioner had been declared insane before the commission of the crime with which he was charged and had not been restored to sanity thereafter, which of course immediately raises the question of his competence to waive his right to counsel for his trial, and to plead guilty to the charge against him.

■ We think the allegation as to petitioner's insanity prior to the commission of the crime required investigation to ascertain the facts as to his mental condition and status at the time of his trial. It may be that he had regained sanity at the time of his trial, contrary to his assertion as to that.[2] If he had not, we fail to see how he could be said to have competently and intelligently waived his constitutional right to the assistance of counsel. And non-compliance with this requirement of the Sixth Amendment deprives the court of jurisdiction to proceed. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.

Ed. 1461, 146 A.L.R. 357. See also Forthoffer v. Swope, 9 Cir., 103 F.2d 707; Youtsey v. United States, 6 Cir., 97 F. 937. All of this was matter for investigation as soon as the question of petitioner's competence was raised by his petition, regardless of the number of petitions or other attempts he had previously made to obtain his release on other grounds. Appellee stated in its objections to the filing of petitioner's motion in the District Court, " * * * we are at a loss to know how or when petitioner was admitted to or how or when he was discharged from St. Elizabeth's Hospital if he was ever a patient there." The answers to those questions were probably more readily accessible to appellee than to any other agency or person, and we think the duty devolved upon it to obtain those answers. Certainly it should not have opposed any inquiry into them.

■ Appellee urged before the District Court and again urges before us that the petition required no hearing because it was made by an irresponsible person. As to this, we agree with the Court of Appeals for the District of Columbia in its ruling that a petition is sufficient to invoke the court's jurisdiction notwithstanding that it is filed by one adjudicated insane, without the assistance of counsel or guardian or another legally competent to take action in his behalf. "However incapable such a person may be in other respects, so much by way of legal capacity must be conceded to him, namely, ability to start the court's machinery in motion by filing a petition legally sufficient on its face. Without this, persons adjudicated might remain in confinement indefinitely, though in fact restored to sanity, with no legal means of securing discharge. Not all such persons have relatives or friends who will come to their assistance when sanity returns nor can the matter be left wholly to the discretion of officials charged with custody or others having it." Howard v. Overholser, 76 U.S.

---

[2] A note, presumably in petitioner's handwriting, is attached by paper clips to the transcript of record on this appeal. Uncertified, unverified, unsigned, it states:

"On or about October 25th 1923, I was received at St. Elizabeth Hospital Washington D. C. Held in Howard Hall Bldg.

"On or about July 1st 1926, was released and taken into Leavenworth about July 4, 1926.

"On or about October 25, 1928 I was received at St. Elizabeths Hospital, Wash.

D. C. held in receiving ward in isolation in Howard Hall Building 2½ months, returned to Leavenworth Prison on or about January 10th 1929."

It is possible that the returns to Leavenworth referred to were in accordance with the provision of § 214, 24 U.S.C.A., for the return of insane convicts to the prison or penitentiary from which they were transferred, upon their restoration to sanity.

App.D.C. 166, 130 F.2d 429, 434; Overholser v. Treibly, App.D.C., 147 F.2d 705.

If the inquiry to which we think appellant is entitled indicates that he was in fact incompetent to waive his right to be represented by counsel, hence that judgment rendered against him without benefit of counsel should be vacated, it does not follow that he is entitled to unconditional release. The statutes relating to hospitalization of insane persons accused or convicted of crimes do not contemplate their unconditional release without provision for their care and restraint if it be found that their insanity continues after termination of their sentences. 18 U.S.C.A. §§ 871, 878, 879; 24 U.S.C.A. §§ 211–214. See also Howard v. Overholser, 76 U.S.App. D.C. 166, 130 F.2d 429; Williams v. Overholser, 78 U.S.App.D.C. 95, 137 F.2d 545.

Order reversed and cause remanded for further proceedings