**Donnell DOUGLAS, Appellant,**

v.

**Maurice H. SIGLER, Warden, Nebraska Penal Complex, Appellee.**

**No. 18794.**

United States Court of Appeals
Eighth Circuit.

Nov. 28, 1967.

United States District Court for the District of Nebraska, the Honorable Robert Van Pelt dismissing his civil action against the respondent Maurice H. Sigler, Warden Nebraska Penal Complex, seeking a permanent injunction and damages in the amount of $15,000. The complaint was dismissed without an evidentiary hearing as presenting only a question of law and in the opinion of the District Judge was controlled by his prior decision in Van Ness v. Sigler, Civil 1101L (unreported) (1965). We affirm.

Douglas is confined in the Nebraska Penal Complex under commitment from a State Court of Nebraska, which commitment is not challenged in this action. His complaint is that the action of the Warden in taking away or diminuting his credit for Good Time behavior under § 29–2633, R.R.S.Neb.1964, called Statutory Time, is illegal and void because the Nebraska Statute cited is "vague, overly broad and ambiguous," and thus violative of the Fourteenth Amendment guarantees of Due Process and Equal Protection of the Law. His claim for damages rests on the Civil Rights Statutes for alleged violation of constitutional rights in applying the Nebraska statute to his confinement.

By § 29–2632 R.R.S.Neb.1964, every convict confined in the Nebraska Penal and Correctional Complex shall be entitled to the diminution of time from his sentence of two months on the first and second year, three months on the third year and four months on each succeeding year, this diminution of time to be credited on the sentence at the time of admission, "but subject to forfeiture as provided in sections 29–2628 and 29–2633." Section 29–2628 deals with a parole violation and is not in issue in this case. The petitioner's complaint is directed to § 29–2633 which reads as follows:

"29–2633. Convicts; misconduct; loss of diminution of sentence; effect of good behavior thereafter.

"Whenever a charge of misconduct shall be sustained by the warden against a prisoner, he shall not lose

---

Donnell Douglas, pro se.

Clarence A. H. Meyer, Atty. Gen., and H. G. Hamilton, Asst. Atty. Gen., Lincoln, Neb., for appellee.

Before VAN OOSTERHOUT, GIBSON and HEANEY, Circuit Judges.

FLOYD R. GIBSON, Circuit Judge.

Petitioner Donnell Douglas appeals in forma pauperis from the judgment of the

the deduction of time specified in section 29–2632, but only that portion of good time earned to the date of the commission of the infraction, or as much as the warden deems proper. The prisoner may regain, by continuous good conduct thereafter, the restoration of time lost, or as much less thereof as the warden may deem proper, as a suitable reward for subsequent good conduct."

■ This statute is not "vague, overly broad or ambiguous" as claimed by the petitioner, and is therefore not subject to the constitutional infirmity of vague laws condemned in Ashton v. Kentucky, 384 U.S. 195, 86 S.Ct. 1407, 16 L.Ed.2d 469 (1966). To the contrary, the statute is explicit and in clear terms affords any prisoner in the Nebraska Complex the privilege of earning a diminution of his sentence by good behavior and the observance of the rules, regulations and requirements of that institution.

The next question presented is whether the good time authorized under this statutory diminution of sentence had become vested in petitioner so as to preclude a forfeiture of the time remitted.

■ The allowance of good time to a prisoner and its denial or forfeiture are strictly matters of statute and are, of course, dependent upon the provisions of the particular statute under consideration. As a general rule the right to a good-time allowance is contingent until the time arises that its allowance will end imprisonment; the grant or denial of such an allowance is discretionary with the executive officer charged with the administration of its provisions; and its allowance is a matter of grace rather than a right. See Anno. 95 A.L.R.2d 1267 (1964).

■ This Circuit has consistently held that the right to good-time allowance under the federal statute "is merely contingent and does not become absolute or vested until the prisoner shall have earned the right by compliance with the statutory provisions." Douglas v. King, Warden, 110 F.2d 911, 127 A.L.R. 1200

(8 Cir. 1940). In Pagliaro v. Cox, 143 F.2d 900 (8 Cir. 1944), this Court concisely stated the controlling principle at p. 901:

"The allowance of good time, until earned for the entire term (Estabrook v. King, Warden 8 Cir., 119 F.2d 607, 609; Douglas v. King, 8 Cir., 110 F.2d 911, 913, 127 A.L.R. 1200; United States v. Nicholson, 4 Cir., 78 F.2d 468, 470, certiorari denied 296 U.S. 573, 56 S.Ct. 118, 80 L.Ed. 405), is a privilege which is conditioned expressly by the statute, sec. 710, Title 18 U.S.C.A., allowing it upon a record of conduct showing 'that he has faithfully observed all the rules and has not been subjected to punishment.' See Wipf v. King, 8 Cir., 131 F.2d 33, 34. The existence or the forfeiture of good time is in no sense dependent upon whether the misconduct also may be a criminal act."

These same principles are applicable to State statutes. The Seventh Circuit in dealing with a similar Illinois statute in Uryga v. Ragen, et al., 181 F.2d 660, 663 (7 Cir. 1950) held that the statute governing allowance for good time enters into all sentences but that the

" * * * allowance is not a vested right but a conditional one, which, by the statute, becomes effective only when the prisoner, having conducted himself properly, has earned an allowance. * * * In other words, a prisoner's good time is allowed at the end of his term of imprisonment, when and if its allowance, together with the time served, will entitle him to his discharge, the sentence thus having been served in full. The right to good time, then, is contingent until the time arrives when its authorized allowance will end his term of imprisonment. When however, he has so conducted himself that the right of credit is gone, it is as though it never accrued to him. Lupo v. Zerbst, 92 F.2d 362 (5 Cir.)."

■ The Nebraska diminution of sentence statute is also a conditional grant

only, and when the good time has not vested, the reduction or forfeiture of a diminution of sentence raises no constitutional issue. The crediting of good time at the time of admission is conditional only and is subject to forfeiture for disciplinary reasons. State ex rel. Menard v. Nichols, 167 Neb. 144, 91 N.W.2d 308 (1958). This pre-crediting of good time amounts to no more than a bookkeeping entry and the good time must be fully earned before it becomes vested. It does not become vested under § 29–2633 until the prisoner has fully complied with the disciplinary and good behavior requirements up to the time of his dismissal from the Nebraska Complex.

■ The diminution of sentence statutes rests on legislative grace and not constitutional right. Brown v. Warden, U. S. Penitentiary, 351 F.2d 564 (7 Cir. 1965). See Hiatt v. Compagna, et al., 178 F.2d 42 (5 Cir. 1949), aff'd per curiam 340 U.S. 880, 71 S.Ct. 192, 95 L.Ed. 639; Douglas v. King, 110 F.2d 911, 127 A.L.R. 1200 (8 Cir. 1940). Though different considerations might apply to these statutes than to the parole statutes, the basis of the right or privilege extended is analogous to that set forth in the parole and probation statutes. Probation is a matter of legislative grace and may be revoked at any time during the period of probation for noncompliance with the conditions imposed. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266 (1932).

■ This privilege of probation has no constitutional basis, but rests upon legislative grace that operates as a conditional grant only subject to revocation and imposition of any sentence commensurate with the original sentence, or if no sentence were initially imposed with any sentence that might originally have been imposed. As stated by Mr. Justice Cardozo in Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 819, 79 L.Ed. 1566 (1935) at 492–493:

> "Probation or suspension of sentence comes as an act of grace to one

convicted of a crime, and may be coupled with such conditions in respect of its duration as Congress may impose. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266."

Generally, good-time and parole statutes are accorded similar treatment and are considered as resting upon the same legislative basis. Evans v. Hunter, 162 F.2d 800 (10 Cir. 1947), cert. denied 332 U.S. 818, 68 S.Ct. 144, 92 L.Ed. 395, recognized the constitutionality of the federal good-time release statute that provides a conditional release for accumulated good time and that the prisoner is to be treated as though released on parole and subject to all the provisions of the law relating to parole until the expiration of his maximum sentence. Title 18 U.S.C. § 4164 sets forth the statutory provision equating good-time deductions as a conditional parole release. It provides in pertinent part:

> "A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days."

This rationale is equally applicable to a state conditional good-time statute.

The sentence the petitioner is required to serve is the original sentence imposed as punishment for the crime of which he had previously been found guilty. Brown v. Warden, U. S. Penitentiary, 351 F.2d 564 (7 Cir. 1965), and as noted in *Brown*, probation is conferred as a privilege and cannot be demanded as a matter of right. The source of his rights under the Federal Probation Act lies in the legislative mandate and not in the Constitution.

■ Due process requirements are not applicable to forfeiture or revocation proceedings except that administrative due process requires that the person charged be treated fairly and not arbitrarily. No question of administrative due process is presented.

The petitioner and other inmates of penal institutions should realize that the penal and correctional institutions are under the control and responsibility of the executive branch of the government and that courts will not interfere with the conduct, management and disciplinary control of this type of institution except in extreme cases. As this Court has said in Lee v. Tahash, Warden, 352 F.2d 970, 971 (8 Cir. 1965) " * * * it is settled doctrine that except in extreme cases the courts may not interfere with the conduct of a prison, with its regulations and their enforcement, or with its discipline." See also Harris v. Settle, 322 F.2d 908 (8 Cir. 1963); Walker v. Blackwell, 360 F.2d 66 (5 Cir. 1966). The Tenth Circuit in Kostal v. Tinsley, 337 F.2d 845 (10 Cir. 1964) held at 846: "The discretion of the prison officials on matters purely of discipline, within their powers, is not open to review." The Seventh Circuit in United States ex rel. Morris v. Radio Station WENR, 209 F.2d 105 (7 Cir. 1953) made the following appropriate comment at 107:

"Federal courts will rarely intervene to interfere with the conduct of State officials carrying out their duties under State laws. Kelly v. Dowd, 7 Cir., 140 F.2d 81.

"Inmates of State penitentiaries should realize that prison officials are vested with wide discretion in safeguarding prisoners committed to their custody. Discipline reasonably maintained in State prisons is not under the supervisory direction of federal courts. Kelly v. Dowd, supra. 'We think that it is well settled that it is not the function of the courts to superintend the treatment and discipline of prisoners in penitentiaries, but only to deliver from imprisonment those who are illegally confined.' Stroud v. Swope, Warden, 9 Cir., 187 F.2d 850, 851."

The matter of the internal management of prisons or correctional institutions is vested in and rests with the heads of those institutions operating under statutory authority, and their acts and administration of prison discipline and overall operation of the institution are not subject to court supervision or control, absent most unusual circumstances or absent a violation of a constitutional right.

In this case the petitioner has failed to meet the requirements of the Nebraska statute for earning his diminution of sentence. He has raised no Federal constitutional issue, and is, therefore, not entitled to an injunction nor has he stated any cause of action under the Civil Rights Act for damages as that Act is not applicable to the facts as alleged in petitioner's complaint.

As pointed out in Judge Van Pelt's well considered unrecorded opinion in Van Ness v. Sigler, supra, the court is not concerned with interpretations of state laws that do not involve federal constitutional questions.

The judgment is affirmed.