Larry Charles GLOUSER, Appellant,

v.

Robert F. PARRATT, Warden, and Jerry Wright, Adjustment Committee Chairman, Appellees.

No. 79–1368.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 6, 1979.

Decided Sept. 13, 1979.

Larry Charles Glouser, pro se.

Paul L. Douglas, Atty. Gen. and Patrick T. O'Brien, Asst. Atty. Gen., Lincoln, Neb., for appellees.

Before LAY, BRIGHT, and HENLEY, Circuit Judges.

PER CURIAM.

Appellant Larry Charles Glouser, an inmate of the Nebraska Penal & Correctional Complex, brought this civil rights action for declaratory and injunctive relief under 42 U.S.C. § 1983 against the warden (Robert F. Parratt) and the chairman of the Adjustment Committee (Jerry Wright) of the Ne-

braska Penal & Correctional Complex. Glouser alleged that appellees violated his constitutional rights under the fifth and fourteenth amendments by imposing on him a more severe penalty for violation of a prison rule (possession of a minute quantity of marijuana) than would have been sustained by a Nebraska citizen prosecuted for a similar offense under Nebraska state law.[1] The district court (Judge Robert V. Denney) dismissed the complaint for failure to state a claim and Glouser brings this appeal. We affirm.

■ In its memorandum opinion dismissing Glouser's complaint, the district court observed:

Plaintiff bases his claim upon both equal protection and due process considerations. He is attempting to state a constitutional claim by comparing the severity of this prison disciplinary measure with sentences imposed upon those of the outside world for the same act. There is a "fundamental difference between normal society and prison society." *Meyers v. Alldredge*, 492 F.2d 296, 310 (3d Cir. 1974). Rules designed to govern those functioning in a free society cannot be automatically applied to the very different situation presented in a state prison. *See Wolff v. McDonnell*, 418 U.S. 539, 560 [94 S.Ct. 2963, 41 L.Ed.2d 935] (1974). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell, supra*, 418 U.S. at 556 [94 S.Ct. 2963].

The decision to impose a disciplinary measure is discretionary with the chief executive officer of the facility. *See* Neb.Rev.Stat. §§ 83–185, 83–1107 (Reissue 1975); *see also Douglas v. Sigler*, 386 F.2d 684 (8th Cir. 1967); *Negrich v. Hohn*, 379 F.2d 213, 215 (3d Cir. 1967). Absent an unreasonable or arbitrary ex-

---

1. For possession of one-half gram of marijuana, the prison disciplinary committee sentenced Glouser to thirty days' confinement in a disciplinary cell and the loss of sixty days of good time. However, under the then effective Neb. Rev.Stat. § 28–4125(4) (Reissue 1975), the max-

imum penalty for possession of less than one pound of marijuana was seven days' imprisonment and a $500 fine. A change in state law occurred subsequently. *See* Neb.Rev.Stat. § 28–416 (Reissue 1978), effective January 1, 1979.

ercise of such discretion, this Court is precluded from reviewing the actions taken by the defendant. "The discretion of the prison officials on matters purely of discipline, within their powers, is not open to review." *Douglas v. Sigler, supra,* 386 F.2d at 688, *quoting Kostal v. Tinsley,* 337 F.2d 845, 846 (10th Cir. 1964). The Court finds that the disciplinary measures imposed upon the plaintiff were not unreasonable but fully warranted under the circumstances and in light of prison objectives and needs.

The Court notes that its decision in no way adds to plaintiff's original sentence. "It must be remembered that the discipline of inmates arises while they are in custody pursuant to unrelated valid convictions and this is not considered an 'arrest'." *Rivera v. Toft,* 477 F.2d 534, 535 (10th Cir. 1973). Plaintiff is still required to serve his original sentence imposed as punishment for the crime of which he was found guilty. The right to good-time credit which rests on legislative grace is conditional and does not vest until the prisoner is dismissed from the penal complex. *Douglas v. Sigler, supra,* 386 F.2d at 686–87 (8th Cir. 1967). Thus, when plaintiff lost his good-time credits for being in possession of marijuana at the penitentiary, it is as though the credits never existed or accrued to his benefit. *Douglas v. Sigler, supra.* Also, it is permissible to segregate a prisoner until he is ready to abide by the prison rules. *Mukmuk v. Com'r of Dept. of Correctional Services,* 529 F.2d 272, 277 (2d Cir.), *cert. denied,* 426 U.S. 911 [96 S.Ct. 2238, 48 L.Ed.2d 838] (1976). Plaintiff does not complain of any cruel or unusual punishment or that the defendants failed to observe minimal due process requirements in conducting the disciplinary proceeding. Therefore, plaintiff has failed to state a claim of constitutional magnitude. [D.C. op. at 2–3 (footnote omitted).]

We agree with the observations and analysis of the district court and affirm on the basis of its unpublished opinion.