## COMPAGNA v. HIATT.
## GIOE v. HIATT.
### Nos. 2329, 2330.

United States District Court
N. D. Georgia, Atlanta Division.
Dec. 4, 1948.

Motions for Reconsideration Denied
Dec. 20, 1948.

Andrews & Nall, of Atlanta, Ga., and William Scott Stewart, of Chicago, Ill., for petitioners.

J. Ellis Mundy, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., and A. E. Gottshall, Sp. Asst. Atty. Gen., for respondent.

UNDERWOOD, District Judge.

The above cases were, by agreement of the parties, tried together because they involve identical questions of law and substantially the same facts.

These findings of fact and conclusions of law are entitled in both cases and filed therein as findings and conclusions in each case, respectively.

Petitioners, after conviction by a jury, were, on the 31st day of December, 1943, in the United States District Court for the Southern District of New York, sentenced to terms of ten years imprisonment upon an indictment charging violation of the Anti-Racketeering Act, 18 U.S.C.A. §§ 420a–420e [now § 1951].

They were, on August 13, 1947, released on parole. They remained at large on parole until arrested on July 23, 1948 upon Parole Violator Warrants dated July 21, 1948 and signed by Judge Fred Rogers, Member of the United States Board of Parole. They were immediately thereafter returned to the Federal Penitentiary in Atlanta, Georgia.

Petitions for writ of habeas corpus were presented to this Court on behalf of both petitioners on September 2, 1948, and rules to show cause why the petitions should not be granted were issued the same day and made returnable, to meet the convenience of the parties, on September 20, 1948.

After hearing on September 20th, writs of habeas corpus were issued, returnable on an agreed date, October 25, 1948. The cases were then heard. Evidence was introduced, oral argument heard, and counsel granted, upon their request, until November 22, 1948 to file principal briefs and three days thereafter to file reply briefs.

Petitioners allege as grounds for writs of habeas corpus that the original sentences of the District Court for the Southern District of New York are void because the Court was without jurisdiction, it being claimed that the offense was not committed in New York, and because conviction was obtained by perjured testimony, known by the prosecutor to be such.

The evidence does not support these contentions and they are without merit. Discharge, therefore, on these grounds is denied.

Petitioners further allege as additional grounds that their present restraint is unlawful because they are held by virtue of Parole Violator Warrants which are void because not based on reliable or any information of violation of parole, and because they have been denied, since their return to the penitentiary, the kind of hearing to which they are entitled under the law.

The statute, 18 U.S.C.A. § 717 [now § 4205], applicable in these cases, authorizing revocation of parole, provides that if the Board of Parole, or any member thereof, shall have reliable information that the prisoner has violated his parole, a member of the Board may issue a warrant for the retaking of the prisoner.

■ The authority of the Board is strictly statutory and limited by the terms of the Act. A member of the Board has no power to issue a Parole Violator Warrant except in compliance with conditions imposed by the Act. If issued without compliance, it is a nullity and arrest thereunder unlawful. A person so arrested is entitled to relief as from illegal restraint.

■ An express condition precedent to the issuance of a Parole Violator Warrant is that the issuing authority "have reliable information that the prisoner has violated his parole." This is in the nature of a jurisdictional requirement and may be inquired into by competent authority.

■ However, if there is some substantial information of a parole violation possessed by the Board member at the time he issues the warrant, a court will not inquire into the reliability of the information, that is properly for the determination of the Board member in the exercise of a fair and real discretion.

But the information must be considered reliable by him and must be substantial and relate to parole violation occurring subsequent to the grant of parole, except in special circumstances not present in these cases. Otherwise the issuance of the warrants would be arbitrary or capricious, which the law never permits. In probation cases, which are analogous to parole cases, the courts have pointed this out particularly. "While probation is a matter of grace, the probationer is entitled to fair treatment, and is not to be made the victim of whim or caprice." Burns v. United States, 287 U.S. 216, 223, 53 S.Ct. 154, 156, 77 L.Ed. 266. The Court of Appeals for the Fourth Circuit, also in a probation case, say: "It is not conceivable that Congress intended to confer upon the court the power to call back the defendant at any time within five years after conviction and imprison him, no matter how blameless his conduct may have been during the interim, or how strictly he may have observed the terms of his probation. It follows that, whenever it is charged that a probationer has failed to follow the instructions of the court, he may not be sentenced until he has been given notice of the specific charge and an opportunity to be heard in his defense, and until the court, upon hearing, shall have judicially determined that his conduct during the probation period has not conformed to the course outlined in the order of probation." Hollandsworth v. United States, 4 Cir., 34 F.2d 423, 428. It would seem that Congress had in mind at least as strict rules for the governing of the Parole Board as for the courts.

The crucial question here presented is—did Judge Rogers, the member of the Board who issued the warrants on July 21, 1948, have at that time any information of a parole violation?

One would think that this would be a very simple and easy fact to determine, but it has become complicated by the refusal of Judge Rogers and the other Board members to testify as to the fact or to deny petitioners' testimony that there was no violation, and by failure of respondent to show, or tender proof of, any violation or information relating to parole violation.

If the fact justified it, statement of the information acted upon would have brought a quick and easy end to the cases.

■ However, respondent and the Board have chosen to rely solely on their claim that the Court may not inquire into the matter, but must accept as a conclusive presumption that the warrants were based on reliable information, although the evidence adduced and unrebutted shows that there was no violation and therefore no re--

liable information upon which to base the warrants. Petitioners' claim seems to be supported, not only by their testimony, but also by statements made by Board members, admitted by them, before a congressional committee which was investigating the paroles, and by the refusal of the Board to even advise petitioners of the charges against them. These statements and their refusal to say what charges of parole violation were claimed or what information they had at the time the warrants were issued, appear from the very uninformative answers given to the interrogatories propounded to them by petitioners.

If Judge Rogers possessed reliable information, he might have, in his discretion, either withheld or issued the warrant; but if he had no such information, there was no room for the exercise of discretion and no authority to issue the warrants. Their issuance would be a nullity and restraint thereunder unlawful.

There is a presumption of the legality of the warrant, but it is not a conclusive presumption and it has been overcome by the evidence in the case. The Court must decide the case upon the evidence before it. If as a matter of fact the Board did have information of parole violation which would support the warrant, but elected to withhold it in the face of the positive evidence of its non-existence for technical reasons, for example, to test its jurisdiction or for other reasons, the Court can not go beyond the record and speculate what might be true or what evidence might have been offered, but must take the case as proved and decide it on the evidence adduced.

On the present record, therefore, the Court accepts as proved that no information of violation of parole was possessed by any Board member, at the time the warrants were issued, creditable affirmative evidence to this effect having been adduced at the trial and not rebutted or denied.

The distinction must be borne in mind, that this proceeding is not an attempt to invade the jurisdiction or infringe upon the discretion of the Parole Board to pass upon the question of parole violation and propriety of revocation, but it presents the legal question as to whether conditions precedent to the exercise of its jurisdiction and discretion in issuing the warrants have been shown. The first proposition is a matter of discretion as to which the courts will not interfere. The second involves the question of illegal restraint into which the courts will inquire.

From the evidence in these cases and the contentions of respondent, the position taken by him and the Parole Board appears to be that when a Parole Violator Warrant is once issued by a member of the Board, even if not based on any information reliable or otherwise, the Court may not inquire into its validity, although competent evidence is offered to prove the non-existence of such information and the respondent does not deny its non-existence or offer any proof of its existence. To accept such contention would be to deny to a person illegally restrained the protection against arbitrary and capricious acts, which the law affords every one. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266. No authority has been presented to support this contention. On the other hand, a statement by Mr. Justice Brandeis in the case of Bilokumsky v. Tod, 263 U.S. 149, 153, 44 S.Ct. 54, 56, 68 L.Ed. 221, seems to establish the contrary in the following words: "It is also true that, if the Department makes a finding of an essential fact which is unsupported by evidence, the court may intervene by the writ of habeas corpus."

This expression was made in a deportation case but the principle announced is applicable in this case.

In another deportation case the Supreme Court say: " 'It is a wholesome and necessary principle that such an agency must pursue the procedure and rules enjoined and show a substantial compliance therewith to give validity to its action. When, therefore, such an administrative agency is required as a condition precedent to an order, to make a finding of facts, the validity of the order must rest upon the needed finding. If it is lacking, the order is ineffective.' " Mahler v. Eby, 264 U.S. 32, 45, 44 S.Ct. 283, 288, 68 L.Ed. 549, citing and quoting from Wichita R. & Light Co. v. Public Utilities Commission, 260 U.S. 48, 59, 43 S.Ct. 51, 67 L.Ed. 124.

Evidence of non-violation of parole was admitted over objection of respondent that the Board had not finally acted, not to justify release on the ground that there was no violation, but as evidence tending to show, along with other evidence, that Judge Rogers did not have reliable information of violation at the time he issued the warrants and that they were therefore void. It was not a question of violation of parole, but a question of possession of information by Judge Rogers. It is an attack on the validity of the warrants, not on the exclusive right of the Board to pass upon the question of parole.

The cases cited by respondent in support of his contention are cases where there was involved discretion of the Board after hearing and not an attack on the warrant of arrest prior to a hearing. In the case of Christianson v. Zerbst, 10 Cir., 89 F.2d 40, 42, cited by respondents, the Court said: "A warrant cannot issue in the absence of any information. Its issuance without information would be capricious and without basis in law. But, when information is at hand, its reliability is a matter for the board or the member, as the case may be, to determine; and that determination is conclusive in a proceeding of this kind." This principle is not questioned, but the issue here is whether or not there was any information. The attack upon the warrant in the Christianson case was not made until after a hearing and after the parole was revoked. There was positive evidence, adduced in the habeas corpus hearing, that the Board had information from a reliable source that Christianson was drinking, abusive to his family, had threatened to kill a member of the family, and was guilty of other violations. The Court held on the evidence presented that there was sufficient information to justify the issuance of the warrant and that its reliability was a matter for the Board.

In the case of Rogoway v. Warden, 9 Cir., 122 F.2d 967, 968, the Court held that "The issuance of the warrant for arrest was not improper for, as outlined above, the Parole Board was possessed of some information the reliability of which was within its determination", and did not hold that the warrant could issue in the absence of substantial evidence of violation.

In the Fifth Circuit cases, the attacks on the warrant were made after hearing and the revocation of parole. The Court held in Fox v. Sanford, 5 Cir., 123 F.2d 334, 335, that, "As provided by statute Fox was given a hearing before a member of the Board of Parole, and the reliability or sufficiency of the information upon which the Board acted is not a matter for determination by the courts in a proceeding for habeas corpus."

In Bowers v. Dishong, 5 Cir., 103 F.2d 464, 466, the issue was whether or not the Parole laws applied to prisoners on parole under conditional release. The Court held that they did and that "the Board of Parole shall have the exclusive authority to issue warrants for the re-taking of any United States prisoner, who has violated his parole". The validity of the Parole Violator Warrant was not in question.

It will be observed that in none of the cases cited was the validity of the warrant attacked, at least not until after hearing and final revocation of parole, and not attacked, as here, upon the ground that there was no evidence at all to support the warrant.

Where a person has been arrested on an illegal warrant and has submitted without objection to a hearing properly conducted before the Parole Board, which has resulted, on substantial evidence, in finding him guilty of violating his parole and in the revocation of his parole, he will be held to have waived the defect in the warrant and the revocation will be upheld. But if the warrant is claimed to be void because illegal, and prompt objection to restraint thereunder is made, as in these cases, the Court may properly inquire into the restraint and discharge the parolee if it finds the warrant illegal. In these circumstances, a parolee need not wait indefinitely for determination of his case by the Board, but may apply to the courts for relief by writ of habeas corpus. The justice of such a rule is apparent when, as shown by this record, petitioners have been in restraint under the Parole Violator Warrants since July 23, 1948 and the Board has stated that it could not say when a final

decision in the cases would be reached, that sometimes it required several months after hearing to reach cases for final determination. Assuming that the warrants are void and the restraint illegal, this would mean that petitioners would be illegally confined for an indefinite period without any opportunity to have the legality of their detention adjudicated.

Respondent and the Board contend that to permit the Court to pass upon the validity of the warrants at this stage of the proceeding would "divest the Board of the jurisdiction committed to it by Congress," and that the Court could not even hear testimony offered to show that the Parole Violator Warrants are illegal. The Board may consider it of importance to establish a precedent that its action in the issuance of the Parole Violator Warrants was beyond the power of courts to inquire into, but in view of the fact that the Board, where a warrant is illegally issued, may at any time on reliable information, issue a new warrant based on parole violation happening at any time subsequent to the granting of the parole and before the termination of the original sentence, it would not seem to be a matter of serious inconvenience or miscarriage of justice. But be this as it may, I think to uphold such position would be to uphold an arbitrary act and not the exercise of discretion. Furthermore, the law looks upon the liberty of the citizen as a matter of very grave importance, and to claim that by an arbitrary act an agency of the Government could hold an individual in restraint for an indefinite period of time without opportunity to test its validity can not be upheld.

■ From the evidence in these cases, I find that the Parole Violator Warrants in question were invalid and that the restraint thereunder is illegal. This being true, the time honored relief of habeas corpus should be granted in these proceedings.

In a similar habeas corpus proceeding, United States of America ex rel De Lucia O'Donovan, Marshal, N.D.Ill., 82 F. Supp. 435, Judge Igoe has discharged De Lucia, who was a co-defendant of petitioners in the New York indictment, on a writ of habeas corpus upon substantially the same facts and contentions of law as made in the present cases.

In view of the foregoing findings of fact and conclusions of law, it is not necessary to consider the other grounds of the petitions for writ of habeas corpus.

■ The Federal courts "have power to grant writs of habeas corpus for the purpose of an inquiry into the cause of restraint of liberty", 28 U.S.C.A. § 452 [now § 2241] and after hearing, "to dispose of the party as law and justice require." 28 U.S.C.A. § 461 [now § 2243].

Under these sections the Court may properly delay the discharge of petitioners for such reasonable time as may be necessary to allow opportunity for an appeal if desired and also to allow opportunity for the issuance of new Parole Violator Warrants, based on reliable information, should the Board or a member thereof possess or become possessed of such information and issue new warrants within the period of delay allowed. Mahler v. Eby, 264 U. S. 32, 46, 44 S.Ct. 283, 68 L.Ed. 549; Dawes v. Gough, 5 Cir., 1948, 170 F.2d 396.

Judgments will issue in accordance with the foregoing with stay of execution of the judgment for a period of fifteen days.

On Motions for Reconsideration of Judgments.

■ The above motions came on for hearing on this day upon rules issued December 17, 1948, and counsel were heard. Counsel advised the Court that they did not desire to present further evidence or argument.

On December 4, 1948, judgments in the habeas corpus proceedings were entered discharging petitioners from custody. The judgments were final, but execution of them was stayed for fifteen (15) days for two purposes only—to allow time for appeal or for issuance by the Parole Board of valid Parole Violator Warrants. Neither action was taken.

These motions request reconsideration of the judgments for the sole reason that the Parole Board has now revoked the paroles, such action having been taken on December 16, 1948.

On what grounds or on what evidence, if any, other than the mere revocations, is not shown, but the Court and petitioners are still left in the darkness which shrouded the habeas corpus trials in which the members of the Board declined to even state what violations of the parole were charged and indicated that no hearings would be granted petitioners other than the "appearances" they had had before the Board. These "appearances" fall far short of the fair hearing which the law contemplates.

If the motions were granted, there is no reason to suppose that upon reconsideration the Court would be met with anything but silence similar to that encountered at the hearings already had and nothing would be gained.

The revocations of parole were based on illegal Parole Violator Warrants and were issued without fair hearings and in my opinion are invalid.

The motions are denied.