**COLLINS v. GOLDEN.**

Civ. No. 4–51.

United States District Court
D. Nebraska, Omaha Division.

Feb. 6, 1951.

Arthur E. Collins, pro se.

Joseph T. Votava, U. S. Atty., Edward J. Tangney, Asst. U. S. Atty., Omaha, Neb., for respondent.

DONOHOE, Chief Judge.

The petitioner, Arthur E. Collins, has filed an application for a writ of habeas corpus in forma pauperis. A petition for habeas corpus ought not to be scrutinized with technical nicety. Holiday v. Johnston, 313 U.S. 342, 350, 61 S.Ct. 1015, 85 L.Ed. 1392. Consequently, this application, written in long hand and prepared by the petitioner himself, without the aid of counsel, is deserving of a very liberal construction.

Pursuant to an order to show cause, Frank Golden, United States Marshal, has filed a response, which, by its rather broad denial, has put in issue many of the allegations of the petition. However, this court is of the opinion that the matter can be disposed of without a hearing because the petitioner is not entitled to the relief requested, even if it be assumed that all the material allegations of his application are true. Title 28 U.S.C.A. § 2243.

The petitioner alleges that on December 13, 1946, he was serving a term of years in the United States Penitentiary at Leavenworth, Kansas. To clarify the allegations of the application, it should be mentioned that the petitioner was indicted in this district, and on March 10, 1937, upon his plea of guilty to charges alleging violation of Sections 588a, 588b, Title 12 U.S.C. (1934 Ed.) [1] was sentenced to fifteen years in prison. United States v.

1. 1948 Revised Criminal Code, 18 U.S.C.A. § 2113.

Arthur E. Collins, Criminal No. 318, Grand Island Division. The sentence, in the absence of any allowance for good time, would have expired near the end of March, 1952. Upon faithful observance of the prison rules, petitioner was entitled to a minimum deduction of ten days a month (1800 days in all) from the term of his sentence, Title 18 U.S.C. (1940 Ed.), Sec. 710.[2] In addition to this, the petitioner, by reason of his employment in certain prison industries earned a further reduction of his sentence. Title 18 U.S.C. (1940 Ed.), Sec. 744h.[3] By December 13, 1946, petitioner had served such a sufficient portion of his term that, with the allowance for "good time" mentioned above, he had a right to be conditionally released. When a prisoner has complied with the provisions of Section 710 and 744h, supra, then a good time allowance so earned becomes a matter of right, and he is entitled to a reduction of the maximum sentence. Douglas v. King, 8 Cir., 110 F.2d 911, 127 A.L.R. 1200, 1203; United States ex rel. Anderson v. Anderson, 8 Cir., 76 F.2d 375, 376. Under such circumstances, the petitioner could have enforced his right to release by habeas corpus proceedings. Douglas v. King, supra; Cox v. McConnell, 5 Cir., 80 F.2d 258. His release, however, would not be absolute but would be subject to the following limitations: "Any prisoner who shall have served the term or terms for which he shall after June 29, 1932, be sentenced, less deductions allowed therefrom for good conduct, shall upon release be treated as if released on parole and shall be subject to all provisions of law relating to the parole of United States prisoners until the expiration of the maximum term or terms specified in his sentence: Provided, That this section shall not operate to prevent delivery of a prisoner to the authorities of any State otherwise entitled to his custody." Title 18 U.S.C. (1940 Ed.), Sec. 716b [now § 4164].

The petitioner alleges that he was not released on December 13, 1946, in accordance with the foregoing provisions, but was delivered by the United States prison officials to the custody of Mr. Jasperson, Superintendent of the Nebraska State Reformatory. It is clear that if Mr. Jasperson were entitled to custody of the petitioner, then he can not complain because the proviso of Section 716b [now § 4164], supra, expressly states that the section shall not operate to prevent delivery of a prisoner to the authorities of any State otherwise entitled to his custody.

The petitioner contends that the Nebraska authorities were not entitled to his custody because they did not comply with the Federal extradition laws. His first allegation in this regard is that he (petitioner) did not sign "extradition papers". We do not understand this to be necessary. The procedure for interstate extradition is set forth in Section 662 [now § 3182], Title 18, United States Code (1940 Ed.). This statute requires (1) that demand be made by the governor of the state from which the person charged with treason, a felony or other crime shall have fled; (2) that the demand be supported by a copy of the indictment or affidavit, certified as authentic by the governor or chief magistrate; whereupon it becomes (3) the duty of the governor of the asylum state to cause arrest and delivery of the fugitive to the demanding state. 9 Cyclopedia of Federal Procedure, Sec. 3894, p. 40. There is nothing in the statute which requires the signature of the fugitive. Such a provision would leave the extradition laws manifestly impotent.

The petitioner further alleges that he was delivered to Nebraska authorities "contrary to his right to have a hearing on extradition before a court". As a general rule, for the issuance of a warrant of arrest for extradition purposes no notice to the accused is necessary, Marbles v. Creecy, 215 U.S. 63, 30 S.Ct. 32, 54 L.Ed. 92, and he has no right to a hearing before the governor of the asylum stats. Munsey v. Clough, 25 S.Ct. 282, 196 U.S. 364, 372, 49 L.Ed. 515. While the petitioner was still in custody of the United States prison officials it would hardly seem that he was

---

2. 1948 Revised Criminal Code, 18 U.S.C.A. § 4161.

3. 1948 Revised Criminal Code, 18 U.S.C.A. § 4162.

entitled to a hearing on the extradition proceedings. Though it is not clear from the petition, we assume that when the United States prison officials were presented the governor's warrant that they delivered the prisoner in custody to the state officials. Any attempt to test the validity of the extradition proceedings by habeas corpus prior to arrest of the petitioner pursuant to the extradition warrant would have been premature. As soon as the petitioner was handed over to the asylum state officials pursuant to the warrant issued by the governor of the asylum state the petitioner could have tested the legality of his detention thereunder. United States ex rel. Darcy v. Superintendent of County Prisons of Philadelphia, 3 Cir., 111 F.2d 409. Consequently, the refusal to give the petitioner a hearing on extradition, if such refusal actually occurred, would seem to result from the action of state authorities and not that of the United States prison officials.

At a later point in his application the petitioner indicates that the United States prison officials were culpable for failing properly to examine the extradition warrant. This could hardly have prejudiced the petitioner's rights unless the warrant failed in some material respect to meet the requirements of the extradition laws. Nowhere in the application is any fact alleged, which if proven, would show that the warrant was not actually in proper form. It should be noted in this regard that the usual presumption of regularity which attends official action renders the governor's determination prima facie correct and casts the burden upon the accused to show the contrary. Munsey v. Clough, supra; Raferty ex rel. Huie Fong v. Bligh, 1 Cir., 55 F.2d 189.

In view of what has been said heretofore, the court is of the opinion that the action taken by the United States prison officials was perfectly proper and lawful. However, for the purpose of answering all of petitioner's contentions, let us assume the action of United States prison officials was unlawful. Let us conclude, as petitioner requests, that "the Nebraska officials actually kidnapped your petitioner and the U. S. Prison Officials entered into the kidnapping as an accessory before and after the fact, * * *." The petitioner would still not be entitled to the relief requested. He is no longer detained, legally or illegally, by reason of the extradition warrant or proceedings. Having served the term for which he was extradited, he was released May 28, 1950, by Nebraska prison officials. Sometime thereafter the United States Board of Paroles issued a warrant for "violation of the conditional release" of December 13, 1946. The present application for release does not allege that this warrant is not in proper form. The petitioner's only contention in regard to the illegality of his present detention is that the United States Board of Paroles no longer has jurisdiction over him. With this we can not agree. A prisoner who has served his term less deductions for good time shall upon release be treated as if released on parole *until the expiration of the maximum term of his sentence.* 18 U.S.C. (1940 Ed.), Sec. 716b [now § 4164]. Gould v. Sanford, 5 Cir., 167 F.2d 877. In petitioner's case this will be near the end of March, 1952. The time that he spent in the Nebraska state prison did not terminate, but merely suspended the jurisdiction of the United States Parole Board. United States ex rel. Jacobs v. Barc, 6 Cir., 141 F.2d 480. When petitioner was released he was still under obligation to fulfill the conditions of his parole. The court is not aware of any reason why unlawful action by the United States prison officials, if such is the case, should deprive the United States Board of Paroles of its jurisdiction over the petitioner. The cases seem to indicate that such unlawful action does not deprive the sovereignty of its jurisdiction. Cf. United States ex rel. Voight v. Toombs, 5 Cir., 67 F.2d 744; In re Johnson, 167 U.S. 120, 17 S.Ct. 735, 42 L.Ed. 103; Ker v. People of State of Illinois, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421; Mahon v. Justice, 127 U.S. 700, 8 S.Ct. 1204, 32 L.Ed. 283.

For some reason, not now the subject of consideration, the Board of Paroles has issued a warrant to retake the petitioner for violation of the conditions of his parole. Although habeas corpus may

be a proper remedy to inquire into the lawfulness of the detention of a prisoner under a parole warrant before he has been returned to the penitentiary, United States ex rel. De Lucia v. O'Donovan, D.C., 82 F.Supp. 435, there is a rebuttable presumption in favor of the legality of the warrant. Compagna v. Hiatt, D.C., 82 F.Supp. 295. In view of what has been said about the jurisdiction of the United States Board of Paroles, the petitioner has failed to allege any facts, which, if proven, would rebut this presumption. The petitioner's application for a writ of habeas corpus should therefore be dismissed.

Judgment shall be entered accordingly.