**McNULTY v. HUMPHREY, Warden.**

No. 246.

United States District Court
M. D. Pennsylvania.

May 12, 1950.

Frank J. McNulty, pro se.

Arthur A. Maguire, United States Attorney, Scranton, Charles W. Kalp, Assistant United States Attorney, Lewisburg, Pa., for the respondent.

FOLLMER, District Judge.

Frank J. McNulty, a prisoner at the United States Penitentiary, Lewisburg, Pennsylvania, has presented, in forma pauperis, his application for a writ of habeas corpus. The petition is vague and ambiguous but does contain two pertinent allegations, namely, that he had been sentenced to a term of three years by the United States District Court for the District of Connecticut, and that the sentence "began to run on April 18, 1947, and expired on April 18, 1950." A rule to show cause issued to which a response was filed, which clearly and concisely set forth pertinent facts. Petitioner was directed to file traverse to certain paragraphs of the response, otherwise such facts to be accepted as true. A traverse was filed replete with non-pertinent discussion, but studiously

avoiding any reference to such pertinent facts.[1]

It appears therefore, that: (1) Petitioner was sentenced to a term of three years on April 18, 1947; (2) He was conditionally released on July 27, 1949, with credit for 252 days regular earned good time and 12 days extra earned industrial good time, or a total of 264 days of earned good time; (3) He entered a plea of guilty to drunkenness in Police Court at Hartford, Connecticut, on November 4, 1949, and was sentenced to thirty days, execution suspended; (4) On November 22, 1949, a warrant was issued by the United States Parole Board charging petitioner with a violation of the terms of his conditional release, said violation being the conviction set forth in number "3" above; (5) On December 27, 1949, petitioner was arrested on the parole violation warrant, and committed.

 Petitioner relies on Commonwealth ex rel. Tate v. Burke, 364 Pa. 179, 71 A.2d 241, in which the Supreme Court of Pennsylvania was interpreting the State Parole Law. 61 P.S. § 331, 1 et seq. It was not intended to be, nor is it an interpretation of the Federal Parole Law. Commutation of time for good conduct, 18 U.S.C.A. § 4161, and industrial good time, 18 U.S.C.A. § 4162, are granted under the same terms and conditions, and a prisoner released on such "good time" is "subject to all provisions of law relating to the parole of United States prisoners until the expiration of the maximum term or terms for which he was sentenced." 18 U.S.C.A. § 4164. Upon revocation of any such parole "The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney General under said warrant, and the time the prisoner was on parole shall not diminish the time he was sentenced to serve." 18 U.S.C.A. § 4205. Petitioner, having violated his parole, is now serving the unexpired term of imprisonment, and is lawfully restrained of his liberty.

The petition for writ of habeas corpus is accordingly denied and the rule to show cause issued thereon is dismissed.

1. Certainly such camouflage as "The Respondent's Response to the Rule to Show Cause is equivocal, not detailed, specific nor clearly outlined, of doubtful or double meaning and seeks to evade the truth by ambiguous expressions and conclusions." is no answer to a clear cut response setting forth specific facts. It does however, aptly describe petitioner's own pleadings.