William R. BELL, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 3506.

United States District Court
W. D. Wisconsin.

March 29, 1962.

---

William R. Bell, pro se.

N. S. Heffernan, U. S. Atty., Western District of Wisconsin, Madison, Wis., for defendant.

STONE, District Judge.

The present adjudication is upon the motion of the United States under Rule 56, 28 U.S.C., for summary judgment to dismiss the plaintiff's Complaint. The Complaint is against the United States of America and therein the complainant recites the following: That on January 30, 1959, in the District Court for the Middle District of Georgia, he was found guilty of two counts of violating the Dyer Act. He was thereupon committed to the custody of the Attorney General for a period of 4 years on each count, the counts to run concurrently. He was committed to the United States Penitentiary at Atlanta, Georgia, and continued in confinement until December 7, 1961. On that date the Warden of the Penitentiary issued a Certificate of Mandatory Release and directed him to report to the Parole Officer for the Western District of Wisconsin, the District of permanent residence of the plaintiff.

The Certificate of Mandatory Release, which was made a part of the record herein, recites that, "Upon release the above named prisoner shall be under the jurisdiction of the United States Board of Parole, as if on parole, as provided by Section 4164, Title 18 U.S.C. * * * "

The Complaint recites that the mandatory release was earned by the plaintiff as a result of "good time" deductions accumulated under the terms of Section 4161, Title 18 U.S.C., and Section 4162, Title 18 U.S.C. The Certificate of the Warden of the Penitentiary, which is a part of the record herein, recites that Bell, under the terms of 18 U.S.C. § 4161, received a deduction of 7 days per month beginning on the day that his sentence commenced to run. On the day of his release, he had been credited with 336 days of deduction from his sentence. He was credited with "good time" for the 48 months for which he was sentenced. In addition, he received 70 days of "good time" deduction under the terms of 18 U.S.C. § 4162 for performing satisfactorily in employment in a prison industry. He also volunteered to participate in a medical experiment using live polio virus, and for this he was awarded 12 days of meritorious "good time". His deductions pursuant to the terms of the statute totaled 418 days; and when these deductions, added to the actual days he served in confinement, totaled 4 years, he was given a mandatory release. This occurred on December 7, 1961.

The Complaint alleged that the effect of "good time" deductions was to reduce the *term* of his sentence and he therefore in his Complaint asked the Court for an order discharging him from all parole supervision and terminating all control over him. He sought to invoke the jurisdiction of the Court under the terms of the Declaratory Judgments Act, 28 U.S.C. § 2201, which provides:

"In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

The United States Attorney moved for summary judgment to dismiss the Complaint on the following grounds:

1. That the plaintiff was within the sole and exclusive jurisdiction of the

Board of Parole and that the members of such Board were indispensable parties, were not served, and in fact were beyond the territorial jurisdiction of this Court.

2. That the Complaint fails to state a claim upon which relief can be granted.

3. The United States is immune from suit save where it has given its consent and that no such consent has been granted.

The Court is in agreement with the position of the United States Attorney on each of the grounds asserted in his Motion for Summary Judgment.

1. *Jurisdiction over the plaintiff is with the United States Board of Parole, which is not made a party hereto.*

■ 18 U.S.C. § 4164 provides:

"A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days.

"This section shall not prevent delivery of a prisoner to the authorities of any State otherwise entitled to his custody."

Pursuant to this section, Bell was issued a Certificate of Mandatory Release, which read, "Upon release the above named prisoner shall be under the jurisdiction of the United States Board of Parole." This jurisdiction is exclusive. The petition seeks to restrain the defendant, United States, and its agents from attempting to enforce the terms of the mandatory release. The only agency having jurisdiction over the petitioner is the Board of Parole. Neither the Board of Parole nor its members have been served, and they are indispensable parties to an action of this nature; nor is the Board or its members within the territorial jurisdiction of this Court. In United States ex rel. Jacobs v. Barc, 141 F.2d 480 (6 Cir. 1944), the Court held:

"Under this provision the Parole Board has jurisdiction, not only over applicants to whom parole is granted, but over prisoners granted a reduction of sentence for good conduct who, when provisionally released, are subject to all provisions of the parole laws."

■ A released prisoner is not a free man. Prior to the expiration of his maximum term he is a ward of the Parole Board, subject to its control and care. Story v. Rives, 68 App.D.C. 325, 97 F.2d 182 (Court of Appeals, District of Columbia 1938).

The United States District Court for the Southern District of California found this situation squarely in the case of Carson v. Meador, 120 F.Supp. 260 (1954). In that case the petitioner asked for an adjudication that he was entitled to an unconditional release from all parole supervision. The Court held:

"That the petition fails to state a claim upon which relief can be granted and for non-joinder of indispensable parties to the action, i. e. members of the United States Board of Parole."

The Court pointed out:

"The period of commitment to custody was fixed by the District Court in imposing sentence. Thereafter the actual period of incarceration may be reduced by the United States Board of Parole which is vested with power to grant parole under certain circumstances * * *. The Court in this District does not have jurisdiction over the Board of Parole or its members concerning their functions at the seat of government. The Court cannot revise an order of that Board. The Board of Parole is in the Executive Branch of Government and our duty is strictly judicial."

Where a prisoner asked the District Court to be relieved of the conditions imposed by prison authorities upon his release the Court in Costner v. United States, 180 F.2d 892 (4 Cir. 1950), held that it had no jurisdiction to review an order of the Parole Board.

### 2. *There is no jurisdiction over the United States.*

■ Plaintiff invokes the jurisdiction of the Court under the terms of 28 U.S.C. § 2201. It is apparent that this statute is remedial only and serves only to grant a method of additional recourse where jurisdiction already exists. It does not confer jurisdiction. In the case of Anderson v. United States, 229 F.2d 675 (5 Cir. 1956), the Court held that the United States was not a proper party to the action inasmuch as no specific statute authorized an injunction against the United States under the particular circumstances. The Court further stated:

"Furthermore, the Declaratory Judgments Act, 28 U.S.C. § 2201, does not grant any consent of the United States to be sued."

In the case of Raydist Navigation Corporation v. United States, 144 F.Supp. 503 (1956), the United States District Court for the Eastern District of Virginia stated:

"While it is undoubtedly true that the Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202, is not a consent of the United States to be sued, and merely grants an additional remedy in cases where jurisdiction already exists, it follows that where, as here, the United States has given its consent to be sued under the Tucker Act, * * * a proceeding by way of declaratory judgment is deemed appropriate."

■ In the absence of consent to be sued, it is elementary that the United States as a sovereign is immune to suit. No consent has been granted to this action by 28 U.S.C. § 2201, nor has any other statute granting such consent been brought to the attention of this Court. The District Court is without jurisdiction over the United States in this matter.

### 3. *The Complaint fails to state a claim upon which relief can be granted.*

■ While the plaintiff's contention could be disposed of on the jurisdictional grounds set forth above, it is the decision of this Court to adjudicate this matter upon the merits as well.

The petitioner's principal claim is that his *term* of sentence was reduced by the amount of "good time" accumulated. The Government's position is that only the period of *confinement* is affected by the accumulation of good time credits. The Court is in agreement with the Government's position.

The petitioner cites portions of 18 U.S.C. § 4161 in support of his position: "Each prisoner * * * shall be entitled to a *deduction from the term of his sentence* * * * as follows" (emphasis supplied), and portions of 18 U.S.C. § 4164: "A prisoner, may in the discretion of the Attorney General, be allowed a *deduction from his sentence* * * *" (emphasis supplied). It is the opinion of the Court, however, that these sections cannot be considered alone. They are a part of a statutory plan dealing with the early release of prisoners. The operative portion of that plan—the section that implements and grants the method of granting good time—is 18 U.S.C. § 4164. This provides:

"A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days.

"This section shall not prevent delivery of a prisoner to the authorities of any State otherwise entitled to his custody."

The plain meaning of this statute is that the condition "as if released on parole" continues until the expiration of the maximum term for which Bell was sentenced less 180 days. There is no other interpretation possible. It is the opinion of this Court that it merely reduces the period of confinement and the condition of parole under which plaintiff is now serving is merely an extension of the prison walls. There are numerous cases deciding this point, usually where a pris-

oner has been released and has been picked up for violation of parole. Generally the cases quoted are habeas corpus proceedings. In the case of Miller v. Taylor, 290 F.2d 8 (10 Cir.1960), the Court stated:

"There is no merit in petitioner's contention that the court order directing his release was unconditional and not subject to the provisions of Section 4164. His only right to release before the expiration of his maximum sentence is statutory, and the only release provided for is one which is conditional. When a prisoner has served his term, less good time deductions, his release is mandatory and he is deemed to be on parole 'until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days.' * * * During the period of conditional release the prisoner is treated as if on parole, and when such parole is revoked, he may be required to serve all or any part of the unserved term or terms."

In Singleton v. Looney, 218 F.2d 526 (10 Cir.1955), the Court held that a prisoner who had been released after the accumulation of good time could be picked up for a violation of parole at any time during the term for which he was sentenced and returned to confinement. In Clark v. Stevens, 291 F.2d 388, 389 (6 Cir.1961), it was decided that good time is not a vested right and a violator who is recommitted by the Parole Board loses the good time that he has accumulated. Moore v. Reid, D.C., 142 F.Supp. 481 (1956); Gould v. Green, 78 U.S.App.D.C. 363, 141 F.2d 533 (1944); Carroll v. Squier, 136 F.2d 571 (9 Cir.1943), all hold that upon release the prisoner has all the obligations of parole and that in the event he violates the conditions of his release he may be returned to serve the unexpired term of his imprisonment. The case of McNulty v. Humphrey, D.C., 90 F.Supp. 383 (1950), pointed out that 18 U.S.C.A. § 4161, providing for good conduct deductions and § 4162, providing industrial good time, must be considered with 18 U.S.C.A. § 4164, which prescribes the terms of the release. The Court stated:

"Commutation of time for good conduct, 18 U.S.C.A § 4161, and industrial good time, 18 U.S.C.A. § 4162, are granted under the same terms and conditions, and a prisoner released on such 'good time' is 'subject to all provisions of law relating to the parole of United States prisoners until the expiration of the maximum term or terms for which he was sentenced.' 18 U.S.C.A. § 4164. Upon revocation of any such parole 'The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney General under said warrant, and the time the prisoner was on parole shall not diminish the time he was sentenced to serve.'"

From a review of the cases above it is clear that plaintiff's good time had no effect whatsoever upon the term of his sentence. The good time earned merely reduces the period of actual confinement in a Federal penitentiary. When he was released under the terms of 18 U.S. C.A. § 4164 the prison walls were merely expanded to include the area of his parole supervision. He is as answerable to the Parole Board and the parole officer in his present status as he was answerable to the warden in Atlanta. The only actual reduction of sentence that can take place is provided for by Section 4164. That reduction is limited to 180 days. If plaintiff does not run afoul of any of the conditions of his release his sentence will be reduced by that amount. It is perfectly clear, however, that in the absence of the 180 day provision that supervision extends for the *maximum* term for which sentenced.

For the foregoing reasons it is ordered that summary judgment be entered in favor of the United States dismissing the Complaint.