Miguel **CORONADO**, Jr.

v.

**UNITED STATES BOARD OF PAROLES et al.**

**C. A. No. 69–H–43.**

United States District Court
S. D. Texas,
Houston Division.

Aug. 26, 1969.

Ray Epps, Cutler & Epps, Houston, Tex., for plaintiff.

William B. Butler, Asst. U. S. Atty., and Ray · Moses, Special Asst. U. S. Atty., Houston, Tex., for defendants.

*Memorandum and Order*

SINGLETON, District Judge.

In this civil action, plaintiff seeks a declaratory judgment against the United States Board of Paroles. He asks the Court to determine that he no longer need comply with nor submit to parole supervision. The Board has responded with a motion to dismiss for failure to state a claim upon which relief can be granted. Plaintiff has not responded to the motion.

On February 18, 1963, Miguel Coronado, Jr. was found guilty of unlawful transportation and concealment of marihuana. He was sentenced to ten years imprisonment. On January 8, 1969, the Assistant Director of the Community Treatment Center in Houston, Texas issued to plaintiff a certificate of Mandatory Release, directed him to report to Mr. L. E. Miggins, Probation Officer, and released him from detention.

Plaintiff contends that his release from confinement must be absolute and unconditional, and that he should not be required to submit to parole supervision. He further contends that the sections of the statute dealing with the mandatory release of prisoners are in conflict with one another. And that conflict has resulted in an unconstitutional extension of plaintiff's sentence. Plaintiff is convinced that he is entitled to be unconditionally released and therefore the continued supervision is an unconstitutional extension of his sentence.

The "good time" statute, 18 U.S.C. § 4161 (1969), under which plaintiff was released, provides in part:

"Each prisoner convicted of an offense against the United States and confined in a penal or correctional institution for a definite term other than for life, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence beginning with the day on which the sentence commences to run as follows: * * *."

Section 4163 of Title 18 provides: "Except as hereinafter provided a prisoner shall be released at the expiration of his term of sentence less the time deducted for good conduct. A certificate of such deduction shall be entered on the commitment by the warden or keeper. * * *" Section 4164 of Title 18 provides: "A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days."

Plaintiff reads sections 4161 and 4163 as providing for unconditional release. The deductions for good-time reduce the length of his original sentence. And

when this reduced sentence expires, he contends, the prisoner should not only be released from confinement but also from further supervision. Plaintiff contends that section 4164 conflicts with the other two sections; that to give effect to section 4164 would render the other two sections null and void, and would result in an unconstitutional extension of his sentence.

■ Plaintiff would have the Court read each section of the statute in isolation from the other. It is only by reading all three sections together that the Congressional plan for dealing with mandatory releases is revealed. The statute in question has been construed on many occasions. There is little doubt as to the content of the Congressional plan.

> "Good time allowances do not reduce the sentence but only enable the prisoner to serve the latter part of his sentence outside prison walls. * * * They are contingent upon the prisoner's continued good behavior in prison until they are sufficient to effect his release under supervision * * * and they are subject to forfeiture for his conduct after release.

> "Thus it is held that the release of a prisoner prior to his serving his maximum sentence is merely 'an extension of the prison walls' and his total record under disciplinary restraint, whether in prison or on parole, determines the time of confinement pending the termination of his sentence." Miller v. Taylor, 313 F.2d 21, 22 (10th Cir. 1962).

Thus, there is no merit to plaintiff's contention that the good-time statute provides for unconditional release, nor to his contention that the provisions of the statute are unconstitutional and void. See, Robinson v. Willingham, 369 F.2d 688 (10th Cir. 1966); Miller v. Taylor, supra; Frierson v. Rogers, 289 F.2d 234 (5th Cir. 1961); Masterson v. Lindsay, 219 F.2d 236 (4th Cir. 1955); O'Neal v. Fleming, 201 F.2d 665 (4th Cir. 1953); Bell v. United States, 203 F.Supp. 371 (W.D.Wis.1962).

Therefore, for the reasons set forth above, defendant's motion to dismiss should be granted.