Miguel CORONADO, Jr.,
Petitioner-Appellant,

v.

UNITED STATES BOARD OF PAROLE,
Respondent-Appellee.

No. 76–2385
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 12, 1976.

Miguel Coronado, Jr., pro se.

James R. Gough, Asst. U. S. Atty., Edward B. McDonough, Jr., U. S. Atty., George A. Kelt, Jr., Asst. U. S. Atty., Houston, Tex., for respondent-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

GOLDBERG, Circuit Judge:

The district court below dismissed appellant's *pro se* attack upon the conditions attached to his mandatory release under 18 U.S.C. §§ 4163 and 4164, styled as a request for a declaratory judgment against the Board of Parole, for lack of jurisdiction over the named defendant. We find that the court below too closely bound itself to the legally untutored terms of the *pro se* pleadings; specifically, it should have

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

viewed appellant's claim as a habeas corpus petition and exercised jurisdiction on that basis. Indeed, the same district court rejected on the merits an almost identical challenge by this appellant to a previous release under § 4163; *see Coronado v. United States Board of Paroles*, 303 F.Supp. 399 (S.D.Tex.1969). Finding appellant's current broadside on the conditions of his 1973 release similarly beyond the mark, however, we affirm the dismissal below in part. Because the record leaves unclear whether appellant had placed additional claims before the district court, we must vacate in part and remand for a consideration of any such claims.

In his original pleading to the court below, appellant sought but one item of relief: a declaratory judgment that the imposition of standard parole conditions pursuant to 18 U.S.C. § 4164 upon a federal prisoner released under the mandatory release provisions of 18 U.S.C. § 4163 violates the double jeopardy clause of the fifth amendment. The district court dismissed, finding no statute authorizing a suit collectively against the United States Board of Parole.[1]

■ The court below should have taken jurisdiction of Coronado's claim as a habeas corpus petition.[2] In *Rubio v. Chairman of U.S. Parole Board*, 356 F.Supp. 943 (N.D.Ill. 1973), the petitioner styled a very similar challenge to the constitutionality of mandatory release conditions as a suit for declaratory judgment against the Board, and the government opposed jurisdiction. The court, applying the mandate of *Haines v. Kerner*, 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972), that *pro se* pleadings are to be liberally construed, reviewed the claim as one for habeas relief and disposed of the case on the merits. Similarly, the federal courts have held that the conditions of parole and probation sufficiently restrain the individual to constitute the "custody" which is a condition of seeking habeas relief under 28 U.S.C. § 2241 and of attacking a sentence under 28 U.S.C. § 2255. *See, e. g., Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963) (parole conditions amount to "custody" so parolee may attack his conviction by habeas petition); *Porth v. Templar*, 453 F.2d 330 (10th Cir. 1971) (court has jurisdiction under § 2255 over challenge to probation conditions). Coronado sought relief from the restrictive conditions of his mandatory release; under the above cases, the district court should have disposed of his claim as one for habeas relief.[3]

■ Although we would ordinarily stop at this conclusion and remand to the district court, we may dispose of Coronado's claim in the interest of judicial economy insofar as the claim presents only a single question of law. The argument that the attachment of parole-type conditions under 18 U.S.C. § 4164 to a prisoner freed under the manda-

---

1. The District of Columbia Circuit has held that Section 10 of the Administrative Procedure Act, 5 U.S.C. §§ 701–706, confers jurisdiction in the federal district courts to hear challenges to at least certain of the Board's actions. *See Pickus v. United States Board of Parole*, 165 U.S.App.D.C. 284, 507 F.2d 1107 (1974). This court in *Ortego v. Weinberger*, 516 F.2d 1005 (5th Cir. 1975), announced its concurrence in the notion that the APA provides a jurisdictional wedge to review some types of administrative action that would otherwise go unremedied. *See also Dr. John T. MacDonald Foundation, Inc. v. Mathews*, 534 F.2d 633 (5th Cir. 1976). While this doctrine deserves further development by this Court and of course awaits definition from the Supreme Court, we need not resolve the question of its applicability to the instant case as the district court had an alternative source of jurisdiction within its reach.

2. In disposing of appellant's challenge to his previous release, also styled as a suit for declaratory judgment against the Board, the district court dismissed on the merits without discussion of the jurisdictional issue. *See Coronado, supra*, 303 F.Supp. at 400–01.

3. Habeas jurisdiction properly attached in the Southern District of Texas because upon Coronado's release the Board had placed him under the supervision of a U.S. Probation Officer in that district. Thus Coronado was there "in custody" at the time he filed this action. On the responsibility of the Board to supervise federal parolees and mandatory releasees and the Board's assignment of this function to United States Probation Officers, *see* 28 C.F.R. §§ 0.125, 0.126, 2.42 (1975).

tory release provisions of 18 U.S.C. § 4163, without more, constitutes a violation of the double jeopardy clause of the fifth amendment or is otherwise unconstitutional is meritless.[4] As the court indicated in disposing of Coronado's previous challenge, supervised release under § 4164 does not add to a prisoner's sentence but allows him to serve part of it outside of prison subject to some restrictions. *See Coronado, supra*, 303 F.Supp. at 401. This court has often applied the provision of § 4164 that persons released thereunder are subject to parole supervision and conditions and has held that the violation of those conditions may forfeit good time credits earned prior to release as well as credit for time spent on conditional release. *See, e. g., Blanchard v. United States*, 433 F.2d 13 (5th Cir. 1970); *Garnett v. Blackwell*, 423 F.2d 1211 (5th Cir. 1970). Moreover, § 4164 has withstood constitutional attack. *See Desmond v. United States Board of Parole*, 397 F.2d 386 (1st Cir.), *cert. denied*, 393 U.S. 919, 89 S.Ct. 249, 21 L.Ed.2d 206 (1968). Couching the attack in terms of the double jeopardy clause does not change the result; conditions of mandatory release are not additional to, but part

of, Coronado's original sentence. *Cf. Roach v. Board of Pardons and Paroles*, 503 F.2d 1367 (8th Cir. 1974) (denial of parole is not an additional punishment for original offense).[5]

■ Thus we affirm the dismissal of Coronado's claim that the attachment of any conditions to his release violated the double jeopardy clause or any other constitutional provision. Appellant's brief refers to claims of procedural due process violations in the revocation of his conditional release; the record, however, is unclear as to whether he put those claims before the court below and is devoid of facts by which to resolve them. Therefore we remand with instructions to the district court to dispose of any such claim on the merits. The decision of the district court is

AFFIRMED IN PART; VACATED AND REMANDED IN PART.

---

**4.** Coronado did not attack any specific condition of his release, but challenged the notion that conditions, regardless of content, could be imposed at all.

**5.** That Coronado may have been sentenced under former 26 U.S.C. § 7237 (repealed by Act of Oct. 27, 1970, 84 Stat. 1292) does not affect the analysis. That statute would have rendered him ineligible for parole under 18 U.S.C. § 4202, but did not purport to exclude offenders from mandatory release under 18 U.S.C. § 4163 or the concomitant parole-type supervision under 18 U.S.C. § 4164. *See Powell v. D.C. Parole Board*, 121 U.S.App.D.C. 280, 349 F.2d 715 (1965).